RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 10a0146p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

    *v.*

ERIC J. CURRY,

        *Defendant-Appellant.*

No. 08-1732

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 04-00119—Gordon J. Quist, District Judge.

Submitted: January 12, 2010

Decided and Filed: February 10, 2010[*]

Before: BATCHELDER, Chief Judge; SUTTON, Circuit Judge;
WISEMAN, District Judge.[**]

_____

## COUNSEL

**ON BRIEF:** Ray S. Kent, FEDERAL PUBLIC DEFENDER'S OFFICE, Grand Rapids, Michigan, for Appellant. Michael L. Schipper, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee.

---

[*]This decision was originally issued as an "unpublished decision" filed on February 10, 2010. The court has now designated the opinion as one recommended for full-text publication.

[**]The Honorable Thomas A. Wiseman, Jr., Senior United States District Judge for the Middle District of Tennessee, sitting by designation.

———————————

## OPINION

———————————

WISEMAN, District Judge.  Defendant-Appellant Eric James Curry[1] challenges the district court's denial of his motion to modify or reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).  He asks that this Court remand his case to the district court with instructions that his motion be granted.  Because the district court properly concluded that it had the discretion to consider the motion, and did not abuse that discretion in denying the motion, we affirm.

I.

An initial indictment was issued June 8, 2004, and a superseding indictment issued July 15, 2004, charging Curry with being a felon in possession of three different firearms (Count One); with possession of a certain quantity of crack cocaine (Count Two); and with being a felon in possession of another firearm (Count Three).  (Record on Appeal ("ROA") at 41–43.)  Curry entered into a plea agreement with the Government pursuant to which he pleaded guilty to Count Three of the superseding indictment in exchange for dismissal of the other two counts.  (ROA at 49–55.)

At sentencing, Curry stipulated that the total offense level indicated in the Presentence Report ("PSR") was 27, his criminal history category was III, and the applicable guideline range was 87–108 months of imprisonment.  (Def.'s Sentencing Mem., ROA at 59.)  The PSR recommended a sentence of 102 months of incarceration plus 3 years of supervised release, but District Judge Gordon J. Quist imposed a sentence of 87 months imprisonment, at the very bottom of the Sentencing Guidelines range, plus 3 years of supervised release.  Judge Quist specifically stated on the record that if the Guidelines had been advisory rather than mandatory, "then the sentence would be 60 months."  (*Id.* at 15:15–16.)  Judgment was entered on November 19, 2004.

———————————

[1]Curry has legally changed his last name to Curry-El, but the Court will, for purposes of consistency with the other filings in this matter, continue to refer to him as "Curry."

Curry promptly filed his Notice of Appeal, and the Sixth Circuit, pursuant to a joint motion to remand, vacated the sentence and remanded for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). At Curry's first resentencing, which took place October 19, 2005, Judge Quist first noted that he was not bound by his statement at the earlier sentencing hearing that he would impose a 60-month prison sentence if it was later determined that the Guidelines were advisory rather than mandatory, and indicated that he had reconsidered that position. He did, however, state that he would "depart somewhat from the guidelines," by just one year (10/19/2005 Resentencing Hr'g Transcript at 18), and he explained that his decision to do so was based upon his finding that the defendant was "making a good effort to reform himself, and we don't see that very often here." (*Id.* at 20.) He reduced the sentence from 87 to 75 months, plus 3 years of supervised release. The amended judgment was entered October 21, 2005.

Curry appealed that sentence as well, on reasonableness grounds; the Sixth Circuit affirmed. On February 25, 2008, however, Curry filed a *pro se* Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), based on the application of Amendments 706 and 711 to the Sentencing Guidelines (the "Crack Amendments"), which were made retroactive as of March 3, 2008. (ROA at 125.) Judge Quist referred this motion to District Judge Robert J. Jonker.

In response to the motion, the Probation Office prepared a Sentence Modification Report ("SMR"); both Curry and the Government submitted briefs. The SMR noted that Curry's original Sentencing Guidelines range was 87 to 108 months based on an offense level of 27 and a criminal history category of III. It indicated an amended range of 70 to 87 months based on a revised offense level of 25 and a criminal history category of III, in recognition of the fact that Curry's original sentence for being a felon in possession was impacted by the drug-quantity guidelines, but did not recommend further reduction of Curry's sentence, as the sentence he was currently serving fell within the modified range.

In his Memorandum in opposition to the SMR, Curry maintained that the SMR, in failing to recommend a sentence reduction, "ignore[d] the plain language of 18 U.S.C.

§ 3582(c)(2) and the U.S. Sentencing Guideline 1B1.10." (*Id.* at 132.) He raised essentially the same arguments he reiterates in his present appeal, as discussed below, in support of a reduction. The Government argued both that a reduction in sentence would not be appropriate pursuant to U.S.S.G. § 1B1.10(b)(2)(B), and that, even if Curry were eligible for a sentence reduction, the court should exercise its discretion to deny the requested reduction.

No hearing on the motion for resentencing was conducted. On May 19, 2008, Judge Jonker entered a very succinct order declining to reduce Curry's sentence any further, despite the Crack Cocaine amendments and the consequent reduction in Curry's base offense level. (*See* ROA at 172 (5/19/2008 Order).) It is from that order that Curry's present appeal arises.

## II.

Curry raises two distinct arguments in this appeal: first, that the district court applied an incorrect legal standard in concluding that a further reduction of sentence was not appropriate, insofar as it failed to recognize that it had the discretion to grant the motion; and, alternatively, to the extent the district court recognized it had the discretion to consider the motion, it abused that discretion when it denied the motion without considering all the relevant sentencing factors when it denied the motion. We consider each of these arguments in turn.

## A.

Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute. *United States v. Houston*, 529 F.3d 743, 748 (6th Cir. 2008) (citing *United States v. Ross*, 245 F.3d 577, 585 (6th Cir. 2001)). Pursuant to 18 U.S.C. § 3582, one of the authorized exceptions to the rule against modifying a sentence is "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)," in which case a court "may" reduce a prison term "after considering

the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The statute and the Guidelines policy statements are read together to mean that a previously imposed sentence may be reduced if the guideline range originally applicable to the defendant was lowered as a result of a retroactive amendment listed in § 1B1.10 of the Sentencing Guidelines. U.S.S.G. § 1B1.10(a)(1). Amendment 706 to the Sentencing Guidelines, which was made effective November 1, 2007, reduced the base offense level for most crack offenses. U.S.S.G., App. C, Amend. 706. Amendment 706 is one of the retroactive amendments listed in § 1B1.10. *United States v. Poole*, 538 F.3d 644, 645 (6th Cir. 2008). There is no dispute that Curry's sentencing range for his felon-in-possession charge was computed based upon a cross-reference to the Sentencing Guideline applicable to crack-cocaine offenses.

Regardless of a defendant's eligibility for resentencing, the district court's decision to modify a sentence under § 3582(c)(2) is discretionary and, as such, is reviewed by this Court for abuse of discretion. *United States v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007). "A district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." *United States ex rel. A+ Homecare, Inc. v. Medshares Mgmt. Group, Inc.*, 400 F.3d 428, 450 (6th Cir. 2005) (quoting *Tompkin v. Philip Morris USA, Inc.*, 362 F.3d 882, 891 (6th Cir. 2004)). If, however, the district court does not simply decline to use its authority under § 3582(c)(2) but instead concludes that it lacks the authority to reduce a defendant's sentence under the statute, the district court's determination that the defendant is ineligible for a sentence reduction is a question of law that is reviewed *de novo*. *United States v. Johnson*, 569 F.3d 619, 623 (6th Cir. 2009).

B.

In the present case, Curry first argues that the district court's denial of his motion to modify his sentence should not be reviewed for simple abuse of discretion, because, he contends, the court's decision appears to have been unduly influenced by a

misapprehension of the policy statement contained in Sentencing Guideline
§ 1B1.10(b)(2)(B).  In response, the Government argues that the second sentence of
§ 1B1.10(b)(2)(B) establishes a presumption that a further reduction "would not [have
been] appropriate" in this case because Curry had already received a "non-guidelines
sentence [determined] pursuant to § 3553(a) and *Booker*."  (Appellee's Brief at 14.)
Thus, the issue presented here is whether and to what extent the second sentence of
§ 1B1.10(b)(2)(B) may limit a sentencing court's discretion to resentence a defendant.

In that regard, as previously indicated, resentencing is authorized under
18 U.S.C. § 3582(c)(2) only if the defendant was originally sentenced "based on a
sentencing range that has subsequently been lowered by the Sentencing Commission."
If that hurdle is met and the amendment has been made retroactive, the district court has
the discretion to reduce a prison term "after considering the factors set forth in section
3553(a) to the extent that they are applicable, if such a reduction is consistent with
applicable policy statements issued by the Sentencing Commission."  18 U.S.C.
§ 3582(c)(2).

Sentencing Guideline § 1B1.10 incorporates policy statements that are to be
considered in any resentencing decision.  The "policy statement" that has served to cause
confusion in this case states as follows:

> If the original term of imprisonment imposed was less than the term of
> imprisonment provided by the guideline range applicable to the
> defendant at the time of sentencing, a reduction comparably less than the
> amended guideline range determined under subdivision (1) of this
> subsection may be appropriate.  However, if the original term of
> imprisonment constituted a non-guideline sentence determined pursuant
> to 18 U.S.C. 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005),
> a further reduction generally would not be appropriate.

U.S.S.G. § 1B1.10(b)(2)(B).  The parties disagree as to how the first and second
sentences of this provision should be construed in conjunction with the other.

The Government interprets the first sentence of subsection (B) to refer to
sentences where a "downward departure" expressly authorized under the Guidelines was
granted at the initial sentencing.  In making this argument, the Government distinguishes

between *departures*, still made pursuant to the Guidelines themselves, and a *variance* from the Guidelines under *Booker*. *See United States v. Johnson*, 544 F.3d 656, 671 n.12 (6th Cir. 2008), *cert. denied*, 129 S. Ct. 1382 (2009) ("A sentence outside the Guidelines based on Chapter 5 of the Guidelines is a 'departure' or 'Guideline departure,' whereas a sentence outside the Guidelines based on the § 3553(a) factors is a 'variance' or 'non-Guideline departure.'"), *quoted in* Appellee's Brief at 15–16. In this case, Curry received a sentence that was below his original Guideline range based on *Booker*. The Government therefore argues that Curry's situation is exactly the type described in the second sentence of § 1B1.10(b)(2)(B) in which a further reduction in sentence would generally not be appropriate.

In his reply brief, Curry points out that § 1B1.10(b)(2)(B) itself makes no mention of either departures or variances and further argues that, post-*Booker*, there is no longer any substantive legal distinction between variances and departures for sentencing purposes. *Cf. United States v. Blue*, 557 F.3d 682, 685–86 & n.2 (6th Cir. 2009) (noting the waning significance of "the departures described in Chapter 5" of the Guidelines in light of *Booker* and observing that the Seventh Circuit has gone so far as to describe "guideline departures" as "obsolete"), *cited in* Reply Brief at 5.[2] Nonetheless, although the defendant is likely correct that, in the post-*Booker* age of sentencing, the distinction between a variance and a departure has become less significant, this Court cannot read as immaterial the distinction between the situations described in the first sentence of § 1B1.10(b)(2)(B) and those described in the second sentence. Other courts, too, have struggled with the distinction, with some appearing to conclude that in situations described by the second sentence they had no discretion to resentence. *See, e.g.*, *United States v. Sipai*, 582 F.3d 994 (9th Cir. 2009) (affirming the district court's conclusion that it lacked authority to resentence where the revised sentence apparently was a variance covered by the second sentence of that provision).

---

[2] In *United States v. Blue*, 557 F.3d 682 (6th Cir. 2009), this Court cited the Seventh Circuit's opinion in *United States v. Blue*, 453 F.3d 948, 952 (7th Cir. 2006), but did not go so far as to agree with the Seventh Circuit that departures under the Guidelines have been rendered "obsolete" by *Booker*. *Blue*, 557 F.3d at 686 n.1 (6th Cir.) (noting that the term "'[o]bsolete' may be a bit strong – a departure described in the Guidelines, though now only advisory, exemplifies a special discretion because it is anticipated by the Guidelines Commission" (citing *Blue*, 453 F.3d at 952 (7th Cir.)).

Others have reached the opposite conclusion. *See, e.g.*, *United States v. Johnson*, 318 Fed. App'x. 127, 129 (3d Cir. 2009) (concluding that the district court had properly concluded that Guidelines § 1B1.10(b)(2)(B) did not "mandat[e] a specific result"). District courts within this Circuit have likewise generally concluded that they have discretion to reduce a sentence which was already the subject of a variance, and have exercised it to grant further sentence reductions under Amendment 706, where the initial sentencing used the crack cocaine guidelines and did not incorporate any reduction in sentence based upon the disparity between crack and powder cocaine sentences. *See, e.g.*, *United States v. Allen*, No. 2:05-cr-130, 2009 WL 1585793 (S.D. Ohio June 4, 2009); *United States v. Benjamin*, No. 3:06-CR-154, 2008 WL 972698 (E.D. Tenn. April 7, 2008).[3]

Despite the confusion surrounding § 1B1.10(b)(2)(B), two things appear to be clear: (1) Courts are only authorized to reduce sentences that are "based on" a sentencing range subsequently lowered by an amendment to the Guidelines that has been made retroactive;[4] and (2) the language of the second sentence of § 1B1.10(b)(B) does not serve to remove the sentencing courts' discretion to reduce a sentence where the original sentence was, in fact, "based on" a subsequently lowered guideline range, even if the sentence originally imposed was below the otherwise-applicable guideline range, whether pursuant to a departure or a variance. The distinction between a sentence in which the district court applies a variance from the recommended guideline range based upon *Booker* and the § 3553(a) factors but the sentence is nonetheless "based on" the Guidelines, and one where the sentence is not "based on" the Guidelines at all may

---

[3]Other courts have found that where the original sentence already incorporated a variance from the otherwise applicable Guidelines range based upon the district court's taking into consideration, under *Booker*, the disparity between crack cocaine and powder cocaine sentences prior to the Crack Amendments' actually taking effect, further reduction after adoption of the Crack Amendments was not warranted under § 3582(b)(2). *See, e.g.*, *United States v. Reid*, 566 F. Supp. 2d 888 (E.D. Wis. 2008).

[4]The Courts of Appeal are in accord that a sentence reduction is not authorized where the original sentence was not "based on" a sentencing range that was subsequently lowered. *See, e.g.*, *United States v. Perdue*, 572 F.3d 288 (6th Cir. 2009) (affirming the district court's denial of defendant's motion for resentencing in light of the Crack Amendments where defendant was originally sentenced based on the career-offender guideline and not the crack cocaine guideline); *United States v. Caraballo*, 552 F.3d 6 (1st Cir. 2008) (same), *cert. denied*, 129 S. Ct. 1929 (2009); *United States v. Thomas*, 524 F.3d 889 (8th Cir. 2008) (per curiam) (same); *United States v. Sharkey*, 543 F.3d 1236 (10th Cir. 2008) (same); *United States v. Moore*, 541 F.3d 1323 (11th Cir. 2008) (same).

indeed be subtle. The district courts, however, are fully capable of making that distinction and determining whether a further reduction is appropriate, regardless of whether the original sentence incorporated a variance or departure from the Guidelines.

In light of the foregoing discussion, this Court concludes that the sentencing court retained the discretion to resentence Curry in this case, because there is no dispute that the 75-month sentence imposed by Judge Quist at the post-*Booker* sentencing was still to some extent "based on" the Guideline pertaining to crack cocaine offenses, and that Judge Quist did not take into account the disparity between powder and crack cocaine sentences in imposing the reduced sentence. The next issue, then, is whether the court recognized that it retained such discretion.

In that regard, the record is clear that the district court recognized that it did, but that it exercised that discretion to deny the motion. In the order denying Curry's motion, the district court specifically stated that it found "in its discretion, that no reduction in sentence was warranted on the facts of this case." (ROA at 172 (5/19/2008 Order).) Contrary to Curry's assertions, there is simply no implication that Judge Jonker believed he lacked the authority further to reduce Curry's sentence. That conclusion is bolstered by the Sentence Modification Report, which also indicated that the defendant was eligible for a reduction but did not recommend a further reduction:

> In this case, a reduction of sentence is consistent with the policy statements.
>
> Because the Court imposed a sentence of 75 months pursuant to a variance from the guideline range, the U.S. Probation Office recommends no modification of sentence. The Court found that a sentence outside the guideline range was warranted, and all statutory sentencing factors were considered in choosing the post-*Booker* sentence of imprisonment.

(SMR at 5.) In sum, the district court applied the correct legal standard when it concluded that it had the discretion to entertain Curry's motion on the merits.

C.

Curry further argues, however, that the district court abused its discretion by not providing more specific reasons in support of its denial of the motion for resentencing. The Court disagrees.  Pursuant to 18 U.S.C. § 3582(c)(2), the district court *may* reduce a previously imposed sentence if the statutory requirements, discussed above, are met. Section § 3582 does not create a *right* to a reduced sentence, however.  *See* U.S.S.G. § 1B1.10 cmt. background (noting that a reduction under § 1B1.10 is discretionary and "does not entitle a defendant to a reduced term of imprisonment as a matter of right"). When determining whether a defendant should receive a sentence reduction, the district court *must* ("shall") consider both the 18 U.S.C. § 3553(a) factors and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," and "*may* consider post-sentencing conduct of the defendant." U.S.S.G. § 1B1.10 cmt. n. 1(B) (emphasis added).  However, "proceedings under 18 U.S.C. [§] 3582(c)(2) and [§ 1B1.10] do not constitute a full resentencing of the defendant."  § 1B1.10(a)(3).

In the present case, the district court did not conduct a hearing on Curry's motion, and did not expressly consider all the § 3553 factors that might have been relevant.  Curry argues that the district court abused its discretion in denying the motion without either specifically articulating the reasons for doing so or identifying factors in Curry's particular record that justified the denial.  The only case Curry cites in support of his argument that the lack of specificity constituted an abuse of discretion is *United States v. Williams*, 557 F.3d 1254 (11th Cir. 2009). (Appellant's Brief at 2.)  That case, besides being from the Eleventh Circuit, does not advance Curry's cause, as it simply held that while a district court "'must *consider* the factors listed in § 3553(a)' when determining whether to reduce a defendant's original sentence . . . [,] the district court is not required to articulate the applicability of each factor, 'as long as the record as a whole demonstrates that the pertinent factors were taken into account by the district court.'" *Williams*, 557 F.3d at 1256 (emphasis added) (quoting *United States v. Vautier*,

144 F.3d 756, 762 (11th Cir. 1998) (citing *United States v. Eggersdorf*, 126 F.3d 1318, 1322 (11th Cir. 1997)).

In *Eggersdorf*, the Eleventh Circuit found, in the context of reviewing the denial of a motion for resentencing under § 3582(c)(2), that the district court's order, though short, was "based on the record as a whole" and "enunciated sufficient reasons for its order denying resentencing." *Eggersdorf*, 126 F.3d at 1322. There, although the district court had not specifically weighed the § 3553(a) factors, the Eleventh Circuit held that the lower court had not abused its discretion and had provided sufficient reasons for its decision to deny resentencing, "[e]specially considering that the district court's final order specifically referenced the Government's Opposition, which in turn cited specific elements that were relevant to the necessary section 3553(a) inquiry and that were supported by the record." *Id.* at 1323.

The same principles apply here. Clearly, the district court's order denying Curry's motion to resentence was cursory at best. However, as in *Eggersdorf*, the record had been amply developed before the resentencing motion at issue here was filed. Judge Quist had already considered the relevant factors in some depth at the original sentencing and the first resentencing under *Booker*, at which time he imposed a (then) below-guidelines sentence of 75 months. Judge Jonker indicated he had reviewed the entire record, including the parties' recommendations, and had considered all the relevant § 3553(a) factors and the Sentencing Guidelines in making his decision. Under the circumstances, this Court cannot conclude that he abused his discretion in denying the defendant's motion for further modification of his sentence.

III.

For the reasons articulated herein, we affirm the district court's denial of the motion to modify or reduce Curry's sentence.