**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 16a0380n.06

No. 15-2420

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jul 07, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE WESTERN DISTRICT OF |
| | ) | MICHIGAN |
| PHETMANY CHOUMMANIVONG, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: SILER, GIBBONS, and COOK, Circuit Judges.

PER CURIAM. Phetmany Choummanivong, a federal prisoner, appeals through counsel a district court order denying his motion to reduce his sentence, filed pursuant to 18 U.S.C. § 3582(c)(2).

In 2013, Choummanivong entered a guilty plea to a charge of possession with intent to distribute five grams or more of methamphetamine. The sentencing guidelines range was calculated at 87 to 108 months of imprisonment, and the district court sentenced Choummanivong to 90 months.

In 2014, Choummanivong filed a motion to reduce his sentence based on Amendment 782 to the guidelines, which lowered the sentencing ranges for most drug offenses. The probation department reported that Choummanivong was eligible for a reduction and recommended a new sentence of 72 months. The government responded that it had no objection

to the reduction. The district court denied the motion, stating that it chose "to exercise its discretion not to reduce the sentence based on its review of the entire record." Order 1, Nov. 9, 2015, ECF No. 234. This appeal followed.

We review a district court order denying a motion to reduce sentence for an abuse of discretion. *United States v. Moore*, 582 F.3d 641, 644 (6th Cir. 2009). When, as in this case, a district court determines that a prisoner is eligible for a sentencing reduction, it then determines, in its discretion, whether a reduction is warranted based on the sentencing factors. *Dillon v. United States*, 560 U.S. 817, 827 (2010). A district court must meet the "minimal requirement" of "provid[ing] some explanation" for denying a § 3582(c)(2) motion. *United States v. Howard*, 644 F.3d 455, 460 (6th Cir. 2011) (citing *United States v. Curry*, 606 F.3d 323, 330–31 (6th Cir. 2010)). An order that "shows only that the district court exercised its discretion rather than showing *how* it exercised [its] discretion," is insufficient. *Id.* at 461 (quoting *United States v. Marion*, 590 F.3d 475, 478 (7th Cir. 2009)). Indeed, we have remanded when there is an insufficient basis for determining on appellate review whether an abuse of discretion occurred, particularly where the district court did not identify which factors it considered. *See id.* (citing out-of-circuit cases); *cf. Curry*, 606 F.3d at 330–31 (finding minimal explanation sufficient where the district court stated that it reviewed the record, the recommendations of the probation department and parties, and the relevant sentencing factors and Guidelines).[1] The government argues that, in some cases, the reason for the district court's decision may be obvious from the history of the case. *See United States v. Christie*, 736 F.3d 191, 196 (2d Cir. 2013). Reviewing

---

[1]The district court order in *Curry* also stated that "[t]he original [sentencing] decision rested on many considerations other than the amount of crack cocaine included, and the Court believes the purposes of sentencing are best served by continuing the existing sentence without reduction." *Howard*, 644 F.3d at 461 n.1 (citing *Curry*, Dist. Ct. No. 1:04-cr-00119-GJQ-1, R. 54, PID: 230).

the record in this case, however, we can only speculate as to how the district court reached its decision to deny the motion for a sentence reduction.

Accordingly, the district court's order is **VACATED** and this matter is **REMANDED** for the limited purpose of providing, consistent with this opinion, a rationale for its decision not to reduce Choummanivong's sentence.