NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0565n.06

Case No. 16-5176

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Oct 11, 2016
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE MIDDLE DISTRICT OF |
| TODD BRYANT, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

BEFORE: SUTTON and STRANCH, Circuit Judges; and STEEH, District Judge*

SUTTON, Circuit Judge. Todd Bryant was charged with conspiracy to distribute large quantities of cocaine and marijuana, and an undetermined amount of ecstasy. As part of a plea agreement, Bryant pleaded guilty only to the marijuana offense and accepted a 71-month sentence. Nearly two years after Bryant took the plea, Amendment 782 to the Sentencing Guidelines retroactively reduced the sentencing ranges for federal drug trafficking crimes. Bryant asked the district court to reduce his sentence under Amendment 782, and the district court obliged. But because Bryant explicitly waived the right to challenge his sentence under § 3582(c) in his plea agreement, and because Bryant's sentence was set by the plea agreement and not the Guidelines, the district court lacked authority to reduce Bryant's sentence. We must reverse.

*The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

In July 2012, a grand jury charged Todd Bryant with conspiracy to distribute five kilograms or more of cocaine, 280 grams or more of crack cocaine, 100 kilograms or more of marijuana, and an unspecified quantity of ecstasy. A year later, he pleaded guilty to the lesser included marijuana offense and accepted a sentence of 71 months in prison followed by five years of supervised release. Bryant and the government entered into the plea agreement under Rule 11(c)(1)(C), which authorizes plea agreements to provide "that a specific sentence or sentencing range is the appropriate disposition of the case." Bryant's plea agreement noted that, because this was a Rule 11(c)(1)(C) agreement, any "sentencing guideline calculations are moot, and . . . the sentence agreed to herein is an appropriate sentence." R. 1458 at 11. The agreement also contained a "[w]aiver of [a]ppellate [r]ights," in which Bryant "knowingly waive[d] the right to challenge [the sentence] in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241, *and/or 18 U.S.C. § 3582(c)*." *Id.* at 13 (emphasis added). The district court accepted the plea and imposed the agreed-upon sentence.

In 2014, the Sentencing Commission issued Amendment 782 to the Sentencing Guidelines, which retroactively lowered by two levels all of the offense levels assigned by the Guidelines' drug quantity table. *See* U.S.S.G. § 2D1.1, 1B1.10(d). Under the amendment, Bryant's appropriate sentencing range would be 57 to 71 months.

18 U.S.C. § 3582(c)(2) authorizes district courts to reduce sentences "based on a sentencing rage that has subsequently been lowered by the [Sentencing] Commission." Bryant filed a motion under the statute, asking to reduce his sentence to the statutory minimum of 60 months. *See* 21 U.S.C § 841(b)(1)(B) The district court granted the motion, finding that Bryant's waiver of appellate rights was ineffective because a § 3582(c) motion is not a

"collateral attack," and that Bryant was eligible for a reduction because his sentence was based on the Guidelines rather than the plea agreement. R. 1779 at 2. We disagree on both counts.

*Waiver.* The district court lacked authority to grant Bryant's motion because he waived the right to challenge his sentence under § 3582(c) in the plea agreement. The agreement could not be clearer. It states that Bryant "knowingly waives the right to challenge th[e] agreed sentence in any collateral attack, including . . . a motion brought pursuant to . . . 18 U.S.C. § 3582(c)." This case begins, and arguably should end, there.

Bryant nonetheless attempts to find ambiguity in the waiver. His efforts fall short. In interpreting plea agreements, as in interpreting any other contract or a statute, the specific governs the general. *See RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 132 S. Ct. 2065, 2070–71 (2012); 11 *Williston on Contracts* § 32:10 (4th ed. 2016). The language of the agreement, which could not be more specific, tells us just what to do here. It makes no difference that some might say that § 3582(c)(2) motions for a sentence reduction are not technically "collateral attack[s]" on an original sentence. *See United States v. Goodloe*, 388 F. App'x 500, 503 (6th Cir. 2010). Whether or not the waiver properly classified § 3582(c) motions is irrelevant to today's proceeding. The fact remains that the agreement expressly forbids Bryant from bringing a § 3582(c) motion, however one chooses to characterize such a motion.

Our colleague raises two alternative readings, one similar to Bryant's, one that goes beyond it. The key answer to both arguments is that it does not suffice to identify an ambiguity in the abstract. In asserting ambiguity in a contract or a statute, the claimant must show two competing interpretations, both of which are plausible on their own. *TMW Enters., Inc. v. Fed. Ins. Co.*, 619 F.3d 574, 580 (6th Cir. 2010). That is not the case with either proposal.

Both readings rely on a narrow view of what qualifies as a "collateral attack"—only challenges to the legality of the original sentence, not those that bring an independent ground for reduction to the court's attention. One way to accommodate that view, urged by Bryant, would be to read his § 3582(c) waiver out of the agreement on the ground that no challenge under § 3582(c) is a true collateral attack. But it is not plausible to give maximum effect to an ambiguous general term at the expense of a specific, explicit one.

The second proposal runs in the other direction. It says that "collateral attack" is the more specific phrase, and thus that Bryant reserved the right to bring non-collateral challenges to his sentence under § 3582(c). This would be a permissible reading if § 3582(c) authorized challenges that meet the proposed specific definition of "collateral." But it does not. The dissent points to § 3582(c)(1)(B), but a defendant cannot attack his sentence under that provision. It instead authorizes a district court to modify a sentence after a defendant successfully attacks the sentence through one of three other motions: a collateral attack under § 2255, a direct attack under § 2106, or a Rule 35 motion to correct a clerical error in the sentence or reduce the sentence for substantial assistance. *See United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). All of which leads us where we started: The only plausible interpretation of the plea agreement is that Bryant waived his right to bring a § 3582(c) motion.

Nor is it a fair reading of the agreement to construe the general statement at the end of the agreement that "[Bryant's] compliance with each part of this Plea Agreement extends until such time as he is sentenced" to nullify the detailed waiver of later appellate rights. The whole point of an appellate waiver is to bind Bryant *after* sentencing.

*Eligibility.* Bryant argues that, even if he waived his right to bring a § 3582(c) motion, the district court had authority to reduce his sentence "on its own motion," making any error

4

harmless. 18 U.S.C. § 3582(c)(2). Even if a district court could nullify a waiver in this way (a point we need not decide), the court had no authority to do so here because, under *Freeman v. United States*, 564 U.S. 522 (2011), Bryant remains ineligible for a sentence reduction.

*Freeman* was a plurality decision, and we have held that Justice Sotomayor's concurrence in *Freeman* is, as the narrowest grounds for the decision, the controlling opinion. *United States v. Smith*, 658 F.3d 608, 611 (6th Cir. 2011); *see Marks v. United States*, 430 U.S. 188, 193 (1977). Justice Sotomayor concluded that sentences imposed in accordance with Rule 11(c)(1)(C) agreements are generally "based on" the agreements themselves rather than the Guidelines, and thus cannot be reduced under § 3582(c). *Freeman*, 564 U.S. at 534. But when, as in Freeman's case, an agreement "*expressly uses* a Guidelines sentencing range to establish the term of imprisonment . . . [the sentence] is 'based on' the range employed" and the defendant may be eligible for a sentence reduction under § 3582(c)(2). *Id.* (emphasis added).

That did not happen here. The plea agreement expressly disclaims any reliance on the Guidelines. "[T]he parties," it says, "agree that the sentencing guideline calculations are moot, and that the sentence agreed to herein is an appropriate sentence." R. 1458 at 11. The language of the agreement once again resolves the matter. Because Bryant's plea agreement never mentions a sentencing range and disavows any reliance on the Guidelines, he cannot seek relief under § 3582(c)(2). *See United States v. McNeese*, 819 F.3d 922, 927–28 (6th Cir. 2016).

Bryant counters that the plea agreement "provided enough building blocks" to demonstrate that his 71-month sentence was based on the Guidelines. Appellee's Br. 21. But simply referring to the facts relevant to determining an offense level, without making the offense-level determination, does not constitute an express use of a Guidelines range, as

*Freeman* requires. What's more, the agreement makes no reference to Bryant's criminal history, which, along with the offense level, is one of the inputs in calculating a sentencing range.

Nor does it matter that it "seem[ed] clear" to the district court "that the anticipated sentencing range was a part of the negotiation of the agreement in this case." R. 1779 at 2. As Justice Sotomayor noted, "the mere fact that the parties to a [Rule 11(c)(1)(C)] agreement may have considered the Guidelines in the course of their negotiations does not empower the court under § 3582(c)(2) to reduce the term of imprisonment they ultimately agreed upon." *Freeman*, 564 U.S. at 537. Because a defendant's sentence is only "based on" the Guidelines when the agreement explicitly references a Guidelines range, *McNeese*, 819 F.3d at 927, there was no need for the district court to conduct "a free-ranging search through the parties' negotiating history." *Freeman*, 564 U.S. at 538.

Bryant's final argument is that this court's repeated holdings that Justice Sotomayor's *Freeman* concurrence is controlling are mistaken, and that we should conclude instead that there is no controlling opinion in *Freeman*. As Bryant to his credit recognizes, however, this panel lacks the power to make such a departure from our precedent.

For these reasons, we reverse.

STRANCH, Circuit Judge, concurring in part and dissenting in part. I write separately because I disagree with the majority's conclusion that Bryant waived his right to seek a sentence reduction. The lead opinion asserts that the plea agreement "could not be clearer." (Maj. Op. 3) I disagree. The plea agreement states that Bryant "knowingly waive[d] the right to challenge [his] sentence in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241, and/or 18 U.S.C. § 3582(c)." The parties appear to agree that a motion for sentence reduction under § 3582(c) is not properly considered a "collateral attack." Despite this apparent contradiction in the wording of the plea agreement, the majority concludes that "the language . . . could not be more specific." (Maj. Op. 3) I find the language of the plea agreement to be ambiguous and therefore respectfully dissent from the determination that Bryant waived his right to move for a sentence reduction.

Plea agreements are "contractual in nature" but also "implicate[] concerns in addition to those pertaining to the formation and interpretation of commercial contracts between private parties." *United States v. Randolph*, 230 F.3d 243, 249 (6th Cir. 2000) (quoting *United States v. Johnson*, 979 F.2d 396, 399 (6th Cir. 1992)). A defendant's "underlying right of contract is constitutional," therefore "both constitutional and supervisory concerns require holding the government to a greater degree of responsibility than the defendant . . . for imprecisions or ambiguities in the plea agreements." *Id.*; *see also United States v. Bowman*, 634 F.3d 357, 360 (6th Cir. 2011). In *Randolph*, the defendant entered a plea agreement for conspiracy charges in Texas. *Id.* at 247. After entering the plea agreement, prosecutors in Texas notified law enforcement in Tennessee of the conspiracy and "provided them with all the information obtained as a result of the Texan investigation." *Id.* Even though the express terms of the plea agreement provided that Randolph would not be further prosecuted on the matter *in Texas*, we

7

vacated the conviction *in Tennessee* because Randolph "was in no way informed as to the illusory nature of the government's promise." *Id*. at 251. The "exigencies of due process and the operation of the fundamental canons of contract construction compel us to the conclusion that Randolph's prosecution in Tennessee was entirely barred by the plea agreement he entered into in . . . Texas." *Id*.

In a similar fashion, concerns for Bryant's constitutional rights must guide our interpretation of the plea agreement in this case. Constitutional rights may be surrendered in a plea agreement "if that waiver was made knowingly and voluntarily." *United States v. Wilson*, 438 F.3d 672, 673 (6th Cir. 2006). But defendants do not waive a constitutional right through a plea agreement that is ambiguous on the matter. *United States v. Jones*, 569 F.3d 569, 573 (6th Cir. 2009).

In this case, Bryant waived the right to challenge his sentence "in any collateral attack." That language is followed by references to three statutes that spell out post-conviction procedures: 1) § 2255 (providing for collateral attack on federal sentence); 2) § 2241 (providing for collateral attack through writ of habeas corpus); and 3) § 3582(c) (providing for modification of imposed term of imprisonment). Section 3582(c) allows a court to modify a term of imprisonment in specified circumstances, including "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." § 3582(c)(1)(B). Rule 35 allows a court to correct a clear error within fourteen days of sentencing or to reduce a sentence on a government motion for substantial assistance in investigating or prosecuting another person. FED. R. CRIM. P. 35. Presumably, the provision in § 3582(c)(1)(B) authorizes modification "expressly permitted" by the other statutes, § 2255 and § 2241, listed in the plea agreement.

The majority opinion concludes that a waiver of the right to move for a sentence reduction under § 3582(c) is more specific than a general waiver of "any collateral attack." (Maj. Op. 3)  However, another way to read the provision is that "any collateral attack" includes motions under § 2255 (collateral attack), § 2241 (collateral attack), and § 3582(c)(1)(B) (providing courts with authority to modify sentences permitted by statute or rules).  This alternative reading of the provision does not reach a motion under § 3582(c)(2), which is based on a subsequent change in a sentencing range and is not a collateral attack.  *See United States v. Goodloe*, 388 F. App'x 500, 503 (6th Cir. 2010).  Under this reading, Bryant has not waived his right to bring a motion for a sentence reduction under § 3582(c)(2).

The ambiguity of the waiver provision—combined with constitutional concerns that direct us to read plea agreements against the Government—require that we reach the merits of Bryant's appeal.  I therefore respectfully dissent from the determination that Bryant waived his right to bring a motion for a sentence reduction under § 3582(c)(2).

On the merits, I agree with the majority that Bryant's plea agreement was not "based on" the Guidelines as required by *Freeman v. United States*, 564 U.S. 522 (2011), and *United States v. McNeese*, 819 F.3d 922 (6th Cir. 2016), the latter of which was decided after the district court ruled on Bryant's motion.  I therefore concur in the judgment.

9