NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0615n.06

No. 16-5085

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE MIDDLE DISTRICT OF |
| REGINALD ELLISON, SR., | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

FILED
Nov 18, 2016
DEBORAH S. HUNT, Clerk

BEFORE: McKEAGUE, GRIFFIN, and KETHLEDGE, Circuit Judges.

PER CURIAM. Reginald Ellison, Sr., appeals the district court's order denying his motion to correct or reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).

In 2008, a federal grand jury returned an indictment charging Ellison with: (1) possessing with intent to distribute crack and powder cocaine within 1000 feet of a playground in violation of 21 U.S.C. §§ 841(a)(1) and 860; (2) maintaining a place for the purpose of unlawfully manufacturing and using controlled substances in violation of 21 U.S.C. § 856(a)(1); (3) possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1); (4) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); and (5) being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). After the district court denied his motion to suppress evidence, Ellison pleaded guilty pursuant to a written plea agreement to counts one, two, and four. The government agreed to dismiss counts three and five after sentencing and also agreed not to file an enhancement

information pursuant to 21 U.S.C. § 851. The parties agreed that Ellison qualified as a career offender under USSG § 4B1.1 and that, as a career offender, his base offense level was 34 and his criminal history category was VI. The parties assumed that a three-level reduction for acceptance of responsibility would be appropriate. Based on a total offense level of 31 and a criminal history category of VI, the parties recommended an advisory guideline range of 188 to 235 months of imprisonment. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agreed upon a sentence of 188 months of imprisonment and eight years of supervised release. Ellison reserved his right to appeal the denial of his suppression motion but otherwise waived his right to appeal or collaterally attack his convictions and any sentence consistent with the plea agreement.

Ellison's presentence report likewise calculated an advisory guideline range of 188 to 235 months of imprisonment based on his status as a career offender. At sentencing, the district court adopted the presentence report's guideline calculation and imposed the agreed-upon sentence of 188 months of imprisonment. On appeal, this court upheld the denial of Ellison's suppression motion. *United States v. Ellison*, 632 F.3d 347, 348 (6th Cir. 2011).

Ellison later filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on the Fair Sentencing Act of 2010 (FSA), as implemented by Amendment 750 to the sentencing guidelines. The district court denied the motion, concluding that he was not eligible for a sentence reduction because the agreed-upon sentence of 188 months was based on the career offender guideline and not the now-amended guidelines for crack cocaine offenses. The district court further noted that, even if Ellison's sentence had been based on the crack cocaine guidelines, he would be bound by the plea agreement's waiver of his right to file a § 3582(c)(2) motion. Ellison did not appeal the district court's order.

In 2014, Ellison filed another § 3582(c)(2) motion, this time relying on Amendment 782 to the sentencing guidelines, which amended USSG § 2D1.1's drug quantity table to reduce by two levels the base offense level for most drug offenses. The district court denied Ellison's motion for the same reason it denied his prior motion: his sentence was based on the career offender guideline and not the drug guidelines. This timely appeal followed.

The government contends that Ellison waived his right to seek a sentence reduction under § 3582(c)(2) in the plea agreement in exchange for the government's concessions, including its agreement to dismiss two counts and to refrain from filing a § 851 enhancement. "It is well settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement." *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004) (quoting *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001)). In the plea agreement, Ellison "knowingly waive[d] the right to challenge the conviction or the sentence imposed in any collateral attack, including, but not limited to, a motion brought pursuant to . . . 18 U.S.C. §3582(c)." The district court reviewed this waiver during the plea hearing. *See* Fed. R. Crim. P. 11(b)(1)(N). On appeal, Ellison does not raise any challenge to the validity of his waiver. *See In re Acosta*, 480 F.3d 421, 422-23 (6th Cir. 2007). Accordingly, we hold that Ellison's waiver is valid and bars him from bringing a § 3582(c)(2) motion. *See United States v. Bryant*, __ F. App'x __, No. 16-5176, 2016 WL 5899177, at *1-2 (6th Cir. Oct. 11, 2016).

Yet even if we reached the merits, we would hold that the district court properly denied Ellison's § 3582(c)(2) motion. We review de novo the district court's determination that Ellison was not eligible for a sentence reduction under § 3582(c)(2). *United States v. Curry*, 606 F.3d 323, 327 (6th Cir. 2010). "A district court may modify a defendant's sentence only as provided by statute." *United States v. Perdue*, 572 F.3d 288, 290 (6th Cir. 2009). Under § 3582(c)(2), a

district court may reduce a defendant's sentence if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

Relying on the Supreme Court's decision in *Freeman v. United States*, 131 S. Ct. 2685 (2011), Ellison argues that, as used in § 3582(c)(2), the phrase "based on" means "based *in meaningful part* on" a subsequently lowered range. We have not adopted such a reading of *Freeman*, instead holding that:

> *Freeman*, which specifically dealt with the definition of "based on" in the plea-agreement context, indicates that five justices can agree, at most, that a defendant's sentence is "based on" a guideline range only when that guideline range is explicitly referenced in a plea agreement and expressly relied upon to determine a defendant's sentence.

*United States v. Riley*, 726 F.3d 756, 760 (6th Cir. 2013); *see United States v. Braden*, 643 F. App'x 531, 534 n.3 (6th Cir. 2016). Ellison's plea agreement made no reference to USSG § 2D1.1 and instead used USSG § 4B1.1 to calculate the recommended guideline range. Because the agreed-upon 188-month sentence was not "based on" USSG § 2D1.1 under *Freeman*, Ellison was not eligible for a sentence reduction. *See Riley*, 726 F.3d at 760-61.

Ellison contends that the Sentencing Commission's adoption of Amendment 782 has by implication lowered his career offender range because the statutory maximum for the amount of crack cocaine attributed to him has been lowered. Ellison's offense level under the career offender guideline was tied to the statutory maximum for his offense and not USSG § 2D1.1's drug quantity table that was amended by Amendment 782. *See United States v. Wherry*, 518 F. App'x 434, 437 (6th Cir. 2013). Although the FSA lowered the statutory penalties for crack cocaine offenses, the FSA does not apply to Ellison because he was sentenced before its effective date. *See United States v. Blewett*, 746 F.3d 647, 655-56 (6th Cir. 2013) (en banc). As the

government points out, even if the FSA's penalties applied to Ellison, his offense level under the career offender guideline would remain the same. *See* 21 U.S.C. §§ 841(b)(1)(C), 860(a); USSG § 4B1.1(b)(2).

For the foregoing reasons, we **AFFIRM** the district court's order denying Ellison's § 3582(c)(2) motion.