RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 17a0276p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 17-5094

KEVIN CLARDY,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 3:09-cr-00122-1—William J. Haynes, Jr., District Judge.

Decided and Filed: December 5, 2017

Before: SILER, KETHLEDGE, and THAPAR, Circuit Judges.

_____

### COUNSEL

**ON BRIEF:** Ronald C. Small, Andrew C. Brandon, FEDERAL PUBLIC DEFENDER, Nashville, Tennessee, for Appellant. William L. Deneke, UNITED STATES ATTORNEY'S OFFICE, Nashville, Tennessee, for Appellee.

_____

### OPINION

_____

PER CURIAM. Kevin Clardy argues that he has not waived the right to challenge his sentence under 18 U.S.C. § 3582(c), despite explicitly waiving that right in his plea agreement. We have rejected this argument multiple times, albeit in unpublished opinions. The district court likewise rejected it here. We affirm.

In 2009, Clardy pled guilty to possessing a firearm as a convicted felon and to possessing over 50 grams of crack cocaine with the intent to distribute it.  He agreed neither to appeal his eventual sentence nor to challenge it under various statutes.  In particular, the relevant section of his plea agreement (titled "Waiver of Appellate Rights") states that Clardy "knowingly waives the right to challenge the sentence imposed in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241, and/or 18 U.S.C. § 3582(c)."

After ensuring that Clardy understood the agreement and had signed it of his own will, the district court accepted his plea and sentenced him to 144 months in prison.  The Sentencing Commission thereafter amended the Guidelines to reduce the offense levels for drug crimes.  Clardy then moved under § 3582(c)(2), which allows a court to reduce a sentence that was based on a Guidelines range that has since been lowered, to have those reductions applied to him.  The district court denied the motion, reasoning that Clardy had "expressly waived his right to file a § 3582(c) motion."  Clardy now appeals.

We review de novo whether Clardy has waived the right to file a § 3582(c) motion.  *See United States v. Griffin*, 854 F.3d 911, 914 (6th Cir. 2017).  A defendant can waive "any right, even a constitutional right," in a plea agreement.  *Id*. (internal quotation marks omitted).  Clardy does not dispute that he signed his agreement knowingly and voluntarily.  Thus the only question is whether the agreement itself waives the right he now seeks to assert.  *Id*.

On that point the agreement could hardly be more clear.  It generally bars Clardy from "challeng[ing] the sentence imposed in any collateral attack[.]"  And it specifically forbids him from challenging the sentence under three statutes, one of which is § 3582(c).  That the parties did not list every type of challenge that the waiver covers—preferring instead the shorthand reference to challenges "including, but not limited to," motions under § 2255, § 2241, and § 3582(c)—makes their intent as to those motions all the more clear.  Thus, per the plain terms of the plea agreement, Clardy has waived his right to file a § 3582(c) motion.

Clardy argues that the waiver is ambiguous as to § 3582(c) motions, for three reasons.  First, he argues that, because the waiver is titled "Waiver of Appellate Rights" and a § 3582(c) motion is not an appeal, the waiver does not clearly cover § 3582(c) motions.  That might be true

of a provision that did not mention § 3582(c) motions specifically. *Cf. United States v. Goodloe*, 388 F. App'x 500, 503 (6th Cir. 2010). But this provision does. And the specific terms within the provision, not the general title above it, control its reach. *See* 11 *Williston on Contracts* §§ 32:10, 32:15 (4th ed. 2016). For good reason: the title alone says little about what the parties intended the provision to cover; the terms they used to express that intent, on the other hand, say everything. And those terms leave no doubt that the waiver covers § 3582(c) motions.

Second, Clardy argues that the waiver is ambiguous because it refers to a § 3582(c) motion as a collateral attack. Specifically, Clardy waived his right to "any collateral attack, including . . . a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241, and/or 18 U.S.C. § 3582(c)." Yet a collateral attack is normally an attempt to overturn a sentence by filing a new lawsuit rather than by a direct appeal. Motions under § 2255 and § 2241—both of which allow courts to overturn sentences—are commonly referred to as collateral attacks; motions under § 3582(c)—which merely allows courts to reduce sentences—are not. *See Goodloe*, 388 F. App'x at 503.

Yet Clardy's conclusion does not follow. Instead this argument suffers the same flaw as his first, namely that the provision's intent is too clear to ignore. As we have held multiple times, "[w]hether or not the waiver properly classifie[s] § 3582(c) motions is irrelevant" when a defendant expressly waives the right to bring a § 3582(c) motion. *United States v. Bryant*, 663 F. App'x 420, 422 (6th Cir. 2016); *see also United States v. Shelton*, 673 F. App'x 524, 525 (6th Cir. 2017); *United States v. Ellison*, 664 F. App'x 507, 509 (6th Cir. 2016). Suffice it to add here that—especially to readers unfamiliar with the common usage of legal terms (such as many criminal defendants)—references to specific statutes more clearly explain an agreement's scope than do terms like "collateral attack." So this argument fails.

Finally, Clardy argues that the waiver is ambiguous because § 3582(c)(2)—the specific provision he invokes—allows the district court to reduce sentences "on its own motion." 18 U.S.C. § 3582(c)(2). Clardy argues that he could not waive a power that belongs to the court. But not even Clardy accepts this argument: elsewhere he suggests that we construe the waiver to cover only a subset of § 3582(c), namely § 3582(c)(1)(B); yet that provision also allows the court to modify sentences of its own accord. That a defendant waives the right to file a § 3582(c)

motion does not strip the court of any power to grant relief under that section. Instead the waiver merely denies the defendant the right to seek it. And Clardy has waived that right here.

In summary, where a waiver provision in a valid plea agreement specifically forbids a defendant from challenging his sentence under § 3582(c), he cannot challenge his sentence under § 3582(c).

The district court's order is affirmed.