NOT RECOMMENDED FOR PUBLICATION

File Name: 25a0031n.06

Case Nos. 24-5355/5360

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

Jan 24, 2025

KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff - Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE MIDDLE |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| TIMOTHY D. WATKINS | ) | O P I N I O N |
| Defendant - Appellant. | ) | |
| | ) | |

Before: McKEAGUE, GRIFFIN, and LARSEN, Circuit Judges.

**McKEAGUE, Circuit Judge.** Despite waiving his right to do so, Timothy D. Watkins moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) after the Sentencing Commission amended the Sentencing Guidelines relevant to his case. The district court denied Watkins's motion by checking the "DENIED" box on a standard printed form order without providing any explanation. On appeal, Watkins argues that the district court failed to adequately explain the reasons for its denial. Because the record makes clear that Watkins waived his right to seek a reduction under § 3582(c), we AFFIRM.

**I.**

The facts of this case are simple enough. In two separate cases, federal authorities charged Watkins with drug trafficking, Hobbs Act robbery, and using a firearm during a drug trafficking offense. Watkins pleaded guilty in both cases pursuant to negotiated plea agreements. As part of

the agreements, Watkins waived his right to seek a sentence reduction under 18 U.S.C. § 3582(c)(2). Each agreement contained a "Waiver of Appellate Rights" section where Watkins "knowingly" waived his "right to challenge the sentence imposed in any motion pursuant to 18 U.S.C. § 3582(c)(2)." R. 82 PageID 180; 2022 R. 33 PageID 77. The parties stipulated to a combined sentence of 96 months in custody. During sentencing, the district court determined that the Guidelines range was 78 to 97 months and imposed the agreed-upon 96-month sentence.

Subsequently, the Sentencing Commission lowered the relevant Guidelines range from 78 to 97 months to 70 to 87 months. *See* U.S. Sent'g Comm'n, Guidelines Manual App. C., Amdt. 821 (Part A) (Nov. 2023) (USSG). Despite the waiver clause in his plea agreement, Watkins moved to have his sentence reduced to the bottom of the new range—70 months. Watkins conceded in his motion that his waiver was enforceable if the government invoked it, and in its response, the government did just that.

The district court denied Watkins's motion by checking two boxes on the standard A.O. 247 form order used for § 3582(c)(2) motions. The first box indicated that the court was acting on Watkins's motion, as opposed to a motion from the court or the Bureau of Prisons. The second box indicated that the motion was "DENIED." The order included stock language that the court took "into account the policy statement set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable." The district court did not provide any other written order or explanation for its denial. On appeal, Watkins argues that the district court did not adequately explain the reasons for denying his motion and thereby thwarted meaningful appellate review.

**II.**

As a threshold matter, Watkins asks this court to hold that the restrictions 18 U.S.C. § 3742(a) places on our ability to review final sentences do not apply to sentence reductions under § 3582(c)(2). Appellant Br. 19. We have held that § 3742(a) is a mandatory claim-processing rule that the government may waive or forfeit. *See United States v. Marshall*, 954 F.3d 823, 826–27 (6th Cir. 2020). And we have assumed that the government's waiver of § 3742(a) authorizes us to review § 3582(c)(2) sentence reduction appeals. *See United States v. Begley*, No. 21-5760, 2023 WL 2991868, at *2 (6th Cir. April 18, 2023). Since the government has waived this requirement here, Appellee Br. 14, we need not address Watkins's request as it is unnecessary for the disposition of this appeal.

A district court "has the discretion to deny a section 3582(c)(2) motion, even if [a] retroactive amendment has lowered the guideline range." *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997). Accordingly, we review a district court's denial of a motion to modify a sentence under 18 U.S.C. § 3582(c)(2) for abuse of discretion. *United States v. Curry*, 606 F.3d 323, 327 (6th Cir. 2010). "A district court abuses its discretion when it relies on clearly erroneous findings of fact, applies the law improperly, or applies the incorrect legal standard." *United States v. Watkins*, 625 F.3d 277, 280 (6th Cir. 2010).

**III.**

As a general matter, a district court may not reconsider a sentence it previously imposed. *See* 18 U.S.C. § 3582(c); *Curry*, 606 F.3d at 326. But § 3582(c)(2) provides an exception to this general rule if the Sentencing Commission subsequently "lowered" the "sentencing range" forming the basis for the defendant's sentence. 18 U.S.C. § 3582(c)(2). Under this section, a district court may reduce a defendant's sentence if the district court considers the 18 U.S.C. § 3553(a)

sentencing factors and proposes a reduction "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

There are three ways to invoke § 3582(c)(2), two of which are relevant here. First, a defendant may exercise this exception by filing a § 3582(c)(2) motion seeking a sentence reduction. *Id.* And like many other rights, a defendant can waive his right to seek a § 3582(c)(2) reduction. *United States v. Clardy*, 877 F.3d 228, 229, 231 (6th Cir. 2017). Such § 3582(c)(2) waivers are commonplace in plea agreements, and we have consistently upheld their validity. *See id.* Once a defendant knowingly and voluntarily waives this right, the district court no longer has the authority to grant the defendant's motion. *United States v. Bryant*, 663 F. App'x 420, 422 (6th Cir. 2016). This brings us to the second way to invoke § 3582(c)(2). Even if a defendant waives his right to seek a reduction, a court may still reduce a defendant's sentence under § 3582(c)(2) "on its own motion." 18 U.S.C. § 3582(c)(2). A defendant's waiver does not "strip" the court of its power to grant a § 3582(c)(2) reduction on its own. *Clardy*, 877 F.3d at 230. Instead, the waiver only bars a defendant from seeking such a reduction. *Id.*

When a court considers reducing a sentence under § 3582(c)(2)—whether through a defendant's motion or its own—it "must adequately explain the chosen sentence to allow for meaningful appellate review." *Chavez-Meza v. United States*, 585 U.S. 109, 115 (2018) (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)). But courts retain discretion over how they convey these decisions, the appropriateness of which depends on the circumstances. *See id.* at 115–16; *United States v. Goodwin*, 87 F.4th 321, 327 (6th Cir. 2023). Courts need not issue lengthy opinions for "most Guidelines sentences" if the "'context and record'" make clear the court's reasoning. *Chavez-Meza*, 585 U.S. at 115, 116 (citation omitted). In fact, if the context supports it, then it is enough for the judge to write "granted" or "denied" on the face of the motion. *Id.* at 113.

And in straightforward cases, they may instead simply deny relief using form orders. *Id.* at 117–20.

Here, we have a straightforward case. Watkins "knowingly waive[d] the right to challenge the sentence imposed in any motion pursuant to 18 U.S.C. § 3582(c)(2)" in his plea agreement. He did not object to the agreement during sentencing; in fact, he asked the district court to accept it. In his § 3582(c)(2) motion, Watkins conceded that under our court's precedent, his waiver is "enforceable if invoked."[1] With a valid § 3582(c)(2) waiver in place, the district court did not have the authority to grant his motion. Without such authority, there was not much else for the district court to do other than simply deny the motion, which is exactly what it did using a standard form order. Since the record makes clear the district court's reasons for denying Watkins's motion, "[t]his case begins, and arguably should end, there." *Bryant*, 663 F. App'x at 422.

Watkins's arguments to the contrary are unpersuasive. Primarily, he claims that the district court's use of the form order thwarted meaningful appellate review because the court could have denied relief for any of three reasons: Watkins was ineligible for reduction under U.S.S.G. § 1B1.10; the § 3553(a) factors weighed against a reduction; or the court thought that Watkins's waiver barred its ability to reduce the sentence on its own motion.

But the form order reveals more than Watkins gives it credit for. Consider Watkins's first two reasons. The order states that the court took into "account the policy statement set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), *to the extent they are*

---

[1] In his § 3582(c)(2) motion, Watkins claims that the "waiver is not enforceable because it is not unambiguous, as explained by Judge Stranch in *United States v. Bryant*, 663 F. App'x 420, 424–25 (6th Cir. 2016) (Stranch, J., dissenting)." Watkins's Motion, R. 103 PageID 262. He did not further elaborate on this argument. He has not raised the issue of ambiguity on appeal and therefore waived it. *Hopkins Cnty. Coal, LLC v. Acosta*, 875 F.3d 279, 286 n.7 (6th Cir. 2017) ("It is well established that an issue not raised in a party's briefs on appeal may be deemed waived." (citation omitted)).

*applicable.*" Here, the factors and policy statements were not applicable. Since Watkins did not have the right to seek a sentence reduction, there was no reason for the district court to embark on an evaluation of sentencing factors or policy statements.

As for Watkins's third reason, our case law holds that a defendant's waiver does not "strip" the court of its own power to consider a sentence reduction under § 3582(c). *Clardy*, 877 F.3d at 230. On the second page of his motion, Watkins cited *Clardy* and explained that irrespective of his waiver, the court had the authority to grant a reduction on its own. Watkins's Motion, R. 103, PageID 262. The government agreed that the court has such power, but it asked the court to refrain from using it because the government gave Watkins significant concessions in exchange for his guilty plea and waiver. Government's Response, R. 104 PageID 271. Given this detailed discussion, it is unlikely that the court erroneously thought Watkins's waiver prevented the court from reducing the sentence on its own. Instead, the more plausible conclusion is that the court simply decided against using its power.

Watkins's reliance on case law is also unconvincing. He cites several cases in which we found that district courts failed to sufficiently explain the denial of a sentence reduction. *See United States v. Howard*, 644 F.3d 455, 460–61 (6th Cir. 2011) (reversing the district court's reduced sentence of 88 months because it failed to explain why it chose that sentence over the requested 78 months); *United States v. Choummanivong*, 667 F. App'x 535, 535–36 (6th Cir. 2016) (per curiam) (vacating and remanding because the district court "chose to exercise its discretion not to reduce the sentence based on its review of the entire record" but failed to explain how it exercised its discretion); *United States v. Battles*, 664 F. App'x 491, 495–96 (6th Cir. 2016) (finding that the court failed to address the government's support for reducing the defendant's sentence and erroneously calculated the reduced Guidelines range). These cases are distinguishable because

none involved a waiver, and thus the respective courts had the authority to consider the defendants'

motions for sentence reductions. Here, there was no such authority.

We AFFIRM the district court's judgment.