RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 20a0168p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

UNITED STATES OF AMERICA,

> *Plaintiff-Appellee/Cross-Appellant*,

*v.*

WALTER G. BOULDING,

> *Defendant-Appellant/Cross-Appellee*.

Nos. 19-1590/1706

───────────────

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 1:08-cr-00065-1—Robert J. Jonker, District Judge.

Argued: May 8, 2020

Decided and Filed: June 1, 2020

Before: MERRITT, GUY, and STRANCH, Circuit Judges.

───────────────

## COUNSEL

**ARGUED:** Anna R. Rapa, Mears, Michigan, for Appellant/Cross-Appellee. B. Rene Shekmer, UNITED STATES ATTORNEY'S OFFICE, Grand Rapids, Michigan, for Appellee/Cross-Appellant. **ON BRIEF:** Anna R. Rapa, Mears, Michigan, for Appellant/Cross-Appellee. B. Rene Shekmer, UNITED STATES ATTORNEY'S OFFICE, Grand Rapids, Michigan, for Appellee/Cross-Appellant.

───────────────

## OPINION

───────────────

JANE B. STRANCH, Circuit Judge. This First Step Act appeal raises two issues of first impression in the Sixth Circuit: (1) whether eligibility for resentencing under the Act turns on the

statute of conviction as opposed to a defendant's specific conduct, and (2) whether the process a district court must afford an eligible defendant includes an opportunity to present objections. Because the Act's definition of a "covered offense" ties eligibility to the statute of conviction, we join all of our sister circuits that have reached the issue and hold that eligibility for resentencing under the First Step Act is a categorical inquiry governed by the statute of conviction.  On resentencing process, we follow our recent cases holding that eligible defendants are not entitled to plenary resentencing, *United States v. Alexander*, 951 F.3d 706, 708 (6th Cir. 2019), but that a district court's discretion to deny resentencing under the Act is not unfettered,  *United States v. Foreman*, No. 19-1827, --- F.3d ---, 2020 WL 2204261, at *3 (6th Cir. May 7, 2020); *United States v. Smith*, No. 19-5281, --- F.3d ---, 2020 WL 2503261, at *2 (6th Cir. May 15, 2020). Because an eligible defendant is entitled to an accurate amended guideline calculation and renewed consideration of the 18 U.S.C. § 3553(a) factors, a defendant seeking to raise objections must be afforded an opportunity to do so.  We **AFFIRM** the district court's conclusion that Boulding is eligible for resentencing under the Act, **VACATE** the sentence imposed, and **REMAND** for resentencing.

## I.  BACKGROUND

### A.  Factual and Procedural History

In 2008, a jury convicted Walter Boulding of conspiracy to distribute, and to possess with intent to distribute, 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(iii) (Count I), and possession with intent to distribute 5 grams or more of cocaine base, in violation of §§ 841(a)(1) and 841(b)(1)(B)(iii) (Count II).  On Count I, the jury found beyond a reasonable doubt that the conspiracy involved 50 grams or more of cocaine base ("crack cocaine"), the highest quantity it was asked to determine on the verdict form.  It found that 5 grams or more was attributable to Boulding on Count II.

At sentencing, substantially more crack cocaine was found attributable to Boulding.  The Final Presentence Report (PSR) found Boulding responsible for 650.4 grams of crack cocaine. The district court accepted this finding over Boulding's objection, resulting in a base offense level of 34.  The probation officer then added three sentencing enhancements: a two-level

increase for possession of a dangerous weapon, a four-level increase for Boulding's role as an organizer in the offense, and an additional two-level increase for obstruction of justice. Boulding's trial counsel objected to all three sentencing enhancements but did not seek a judicial determination because the statutory mandatory minimum controlled Boulding's sentence. The court nonetheless explained on the record that the three enhancements were justified. With a criminal history category of III and a total offense level of 42, Boulding's guideline range was 360 months to life, before consideration of the statutory mandatory minimum.

The statutory mandatory minimum of life in prison ultimately controlled Boulding's sentence. The Government filed a Section 851 Notice and the PSR identified Boulding's two prior felony drug convictions. While the statutory penalty range for Count I would have been 10 years to life with supervised release of 5 years to life, the then-operative version of § 841 dictated that a violation of § 841(a) involving 50 grams or more of crack cocaine required a mandatory life sentence if the violation occurred after two or more prior felony drug convictions. On Count II, the statutory range was 5 to 40 years' incarceration with 4 years to life supervised release, which converted under the Section 851 Notice to 10 years to life. The statutory minimum also controlled Boulding's final guideline sentence pursuant to USSG § 5G1.2.

On April 27, 2009, the district court imposed a sentence of life imprisonment on Count I and 360 months' imprisonment as to Count II. The court explained that it considered a life sentence too harsh a punishment for Boulding; "life in prison is not the sentence I would impose on Mr. Boulding if I had the full discretion that I normally have in sentencing." *United States v. Boulding*, 379 F. Supp. 3d 646, 649 (W.D. Mich. 2019). We affirmed Boulding's life sentence. *United States v. Boulding*, 412 F. App'x 798 (6th Cir. 2011). Boulding pursued habeas remedies to no avail. *See, e.g.*, *Boulding v. United States*, No. 12-2320 (6th Cir. May 22, 2013); *In re Boulding*, No 18-2088 (6th Cir. Jan. 30, 2019).

In 2018, Boulding filed a motion for reduction of his sentence under the First Step Act. After appointment of counsel and briefing of several issues, the district court found Boulding eligible for resentencing under the Act and imposed a reduced sentence of 324 months' imprisonment on both Counts I and II, to be served concurrently. But it denied Boulding's requests for a de novo resentencing hearing and for an opportunity to address previously

frivolous objections to sentencing enhancements. Boulding now appeals, asserting he was due greater process. The Government cross-appeals, contending that Boulding was not eligible for resentencing under the Act.

## B. Statutory Background

A year after Boulding was sentenced, Congress promulgated the Fair Sentencing Act of 2010, Pub L. No. 111-220, 124 Stat. 2372 (2010), which aimed to lessen the sentencing disparity between cocaine offenses and those involving crack cocaine. *Id.* at §§ 2-3; *see also United States v. Blewett*, 746 F.3d 647, 649 (6th Cir. 2013). The Fair Sentencing Act increased the threshold quantities of crack cocaine needed to trigger the mandatory statutory penalties in the Anti-Drug Abuse Act of 1986. *Id.* Relevant here, it increased the threshold quantity of crack cocaine in 21 U.S.C. § 841(b)(1)(A) from 50 grams or more to 280 grams or more. Similarly, it increased the threshold quantity of crack cocaine in 21 U.S.C. § 841(b)(1)(B) from 5 grams or more to 28 grams or more. Fair Sentencing Act at § 2(a)(2). The Fair Sentencing Act, however, was not retroactive. *See Dorsey v. United States*, 567 U.S. 260, 264 (2012); *Blewett*, 746 F.3d at 649.

In 2018, Congress passed the First Step Act, which included making retroactive the Fair Sentencing Act's statutory changes for crack cocaine sentences. Specifically, Section 404 of the First Step Act made Sections 2 and 3 of the Fair Sentencing Act retroactive for defendants who were sentenced before August 3, 2010. The text of Section 404 is important to this appeal:

> SEC. 404. APPLICATION OF FAIR SENTENCING ACT.
>
> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

(c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194 (2018). The parties agree that the First Step Act makes defendants convicted of a covered offense before August 3, 2010, eligible for a reduced sentence. They also agree that the First Step Act does not require a reduced sentence; any reduction in the sentence is left to the district court's discretion. The threshold eligibility question on appeal turns on the meaning of "covered offense." § 404(a). What qualifies as adequate process in the First Step Act resentencing context is informed by § 404(b)-(c).

## II. ANALYSIS

### A. Standard of Review

We have jurisdiction under 28 U.S.C. § 1291. *See Smith*, --- F.3d ---, 2020 WL 2503261, at *1; *United States v. Marshall*, 954 F.3d 823, 829 (6th Cir. 2020). Questions of statutory interpretation are reviewed de novo. *United States v. Miller*, 734 F.3d 530, 539 (6th Cir. 2013). Boulding's legal eligibility for a sentence reduction is reviewed de novo. *See United States v. Curry*, 606 F.3d 323, 327 (6th Cir. 2010). Any statutory limitation on appellate review of resentencing decisions in the Rule 35 or 18 U.S.C. § 3782(c)(2) context does not apply to motions for resentencing brought pursuant the First Step Act. *Foreman*, --- F.3d ---, 2020 WL 2204261, at *7. The district court's resentencing decision is reviewed for an abuse of discretion. *Id*. (citing *United States v. Woods*, 949 F.3d 934, 938 (6th Cir. 2020)). When a district court abuses the discretion afforded to it under the Act, its actions constitute a "violation of law" giving rise to appellate review under § 3742(a)(1). *Foreman*, --- F.3d ---, 2020 WL 2204261, at *7.

**B. Discussion**

The dispute over Boulding's eligibility for a reduced sentence under the First Step Act is a threshold question. We begin there.

1. <u>Boulding's Eligibility under the First Step Act</u>

Boulding's eligibility for a reduced sentence under the First Step Act distils to whether he was convicted of a "covered offense" under § 404(a). "[T]he term 'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by" the Fair Sentencing Act. § 404(a). The relationship between the words on either side of the comma is the crux of this issue.

The Government contends that a sentence reduction is authorized "only if the statutory penalties for a defendant's *violation* of a Federal criminal statute" were modified by the Fair Sentencing Act. "The statute thus keys eligibility not on a defendant's conviction, but on the specific 'violation . . . committed,'" it argues, because the restrictive clause ("the statutory penalties for which") modifies not the nearest noun ("a Federal criminal statute") but the preceding phrase in its entirety ("a violation of a Federal criminal statute"). The Government asserts that the case record as a whole should be used to determine the quantity of drugs involved—including specific findings made by the original sentencing court, or those contained within a plea agreement, the trial record, or presentencing report. And if, tallied together, that quantity is sufficient to trigger the statutory penalty under the increased thresholds imposed by the Fair Sentencing Act, the defendant would be ineligible for relief under the First Step Act.[1] Boulding argues that the plain language of the Act specifically attaches eligibility to the statute of conviction: if he was convicted under a statute for which penalties were altered by the Fair Sentencing Act, he is categorically eligible for a lower sentence under the First Step Act.

---

[1]For example, the argument goes, the new threshold for conviction under 21 U.S.C. § 841(b)(1)(iii) is 280 grams or more of crack cocaine. Therefore, if the record as a whole reflects that a defendant was responsible for more than 280 grams of crack cocaine, she would be ineligible for a reduced sentence under the First Step Act.

The district court analyzed this issue in a thorough and thoughtful opinion. It concluded:

> The statute rests eligibility on the nature of a defendant's prior conviction: specifically, whether it was a "covered offense." First Step Act § 404(b). A "covered offense" is one for which the Fair Sentencing Act modified the penalties, which includes any crack cocaine offense under Section 841(b)(1)(A) or (B). "Under the plain language of the Act, whether an offense is a 'covered offense' is determined by examining the statute that the defendant violated. If that statute is one for which the statutory penalties were modified by section 2 or 3 of the Fair Sentencing Act, it is a 'covered offense.'" *United States v. Davis*, No. 07-CR-245S, 2019 WL 1054554, at *3 (W.D.N.Y. Mar. 6, 2019) (internal citations to Section 404 omitted). Quantity is simply not part of the statutory test for eligibility under the First Step Act. Eligibility turns entirely on the categorical nature of the prior conviction. All other issues, including the proper quantity determination, are a part of a reviewing court's discretionary call on whether to modify an eligible defendant's sentence.

*Boulding*, 379 F. Supp. 3d at 652. Boulding agrees.

The district court decided this case less than five months after the First Step Act was signed into law. Since then, every circuit court to address this question has held that eligibility for resentencing under the Act turns on the statute of conviction, not a defendant's specific conduct.

In *United States v. Wirsing*, 943 F.3d 175 (4th Cir. 2019), the Fourth Circuit reasoned:

> The most natural reading of the First Step Act's definition of "covered offense" is that "the statutory penalties for which were modified by certain sections of the Fair Sentencing Act" refers to "a Federal criminal statute" rather than "a *violation* of a Federal criminal statute." *Id.* § 404(a). A general rule of statutory interpretation is that modifiers attach to the closest noun; courts should not interpret statutes in such a way as to "divorce a noun from the modifier next to it without some extraordinary reason." *Lopez v. Gonzales*, 549 U.S. 47, 56 (2006); *see also Lockhart v. United States*, 136 S. Ct. 958, 962-63 (2016). Because "Federal criminal statute" appears closer to "statutory penalties for which" than does "violation," it is more natural to attach "penalties" to "statute" than to "violation."

> "Of course, as with any canon of statutory interpretation, the rule of the last antecedent is not an absolute and can assuredly be overcome by other indicia of meaning." *Lockhart*, 136 S. Ct. at 963. But that is not the case here. The only possible "indicia" of an alternative meaning is the repetition of "statute" and "statutory," which at first blush appears unnecessary. Yet on closer inspection, the terms are not redundant. The First Step Act specifies that it is "statutory

penalties" that are at issue to avoid any ambiguity that might arise in the sentencing context between penalties specified by statute or by the Guidelines. In other words, the word "statutory" is required to clarify "penalties" regardless of whether "statutory penalties for which" modifies "Federal criminal statute" or "violation." The use of the word "statutory" is neutral between the interpretations; it is not an "indicia of meaning" that can "overcome" the more natural reading of the statute. *Id.* And it certainly does not provide an "extraordinary reason" to divorce "Federal criminal statute" from "penalties." *Lopez*, 549 U.S. at 56, 127 S. Ct. 625.

*Id.* at 185-86 (4th Cir. 2019) (cleaned up). In *United States v. Jackson*, the Fifth Circuit adopted *Wirsing*'s "closest noun" rationale but also concluded that "the use of the past tense—'were modified'—in the penalties clause 'confirms that the clause was intended to modify 'statute,' not 'violation.''" 945 F.3d 315, 320 (5th Cir. 2019), *cert. denied*, --- S. Ct. ----, 2020 WL 1906710 (U.S. Apr. 20, 2020) (quoting *United States v. Rose*, 379 F. Supp. 3d 223, 229 (S.D.N.Y. 2019)). "The Fair Sentencing Act wasn't retroactive when first passed, so it couldn't 'have 'modified' any penalties imposed for violations 'committed before August 3, 2010.'' Instead, 'the only 'statutory penalties' that the Fair Sentencing Act could have modified were the crack-cocaine penalties provided in the Controlled Substances Act' itself." *Id.* (quoting *Rose*, 379 F. Supp. 3d at 229). The Fair Sentencing Act, moreover, modified sentences for "entire categories of offenses," not the penalties for particular fact-specific violations. *United States v. Shaw*, 957 F.3d 734, 739 (7th Cir. 2020). The *Jackson* Court added that "the penalties clause refers to '*statutory* penalties.' FSA, § 404(a). The word 'statutory' isn't superfluous; instead, it makes doubly clear that Congress intended to refer only to the *statute* under which the defendant was convicted." 945 F.3d at 320 (citing *Hohn v. United States*, 524 U.S. 236, 249 (1998) ("We are reluctant to adopt a construction making another statutory provision superfluous.")).

All other circuits to reach the question agree. *See Shaw*, 957 F.3d at 738 ("We join our sister circuits in holding that the phrase modifies 'federal criminal statute.'"); *United States v. Smith*, 954 F.3d 446, 448-49 (1st Cir. 2020); *United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019) ("The First Step Act applies to offenses, not conduct . . . and it is McDonald's statute of conviction that determines his eligibility for relief." (citation omitted)).

In *United States v. Beamus*, we came close to calling the issue in Boulding's favor. 943 F.3d 789 (6th Cir. 2019). There, the question was whether Beamus was eligible for

resentencing under the First Step Act despite being a career criminal. In relevant part, we reasoned:

> In 2002, jury convicted Beamus of conspiracy to possess 6.68 grams of crack cocaine with intent to distribute, 21 U.S.C. § 841(b)(1)(B) (2002) . . . . [The Fair Sentencing Act] increased the quantity of crack cocaine required to trigger a mandatory minimum sentence from 5 grams to 28 grams. . . . This change would have made a difference for Beamus. . . .
>
> . . . Beamus appeals [the ineligibility] determination, and the government concedes error.
>
> Rightly so. By its terms, the First Step Act permits Beamus to seek resentencing. *He was convicted of an offense for which the Fair Sentencing Act modified the statutory penalty* . . . . The text of the First Step Act contains no freestanding exception for career offenders.
>
> It's true, as the government notes, that the Fair Sentencing Act's changes to the statutory penalty for Beamus's drug offense also would have affected his guidelines range. But that's happenstance in this instance. *Beamus is eligible for resentencing because, and only because, the Fair Sentencing Act modified the statutory range for his offense.* That the Sentencing Guidelines also would have applied differently does not affect his eligibility for resentencing.

*Id.* at 790-92 (emphasis added). The "offense" at issue in *Beamus* was 21 U.S.C. § 841(b)(1)(B) (2002) and the facts that were necessary to the defendant's conviction under that statute. *Beamus* did not look beyond the amount of crack cocaine found by the jury to ask whether the record reflected a greater quantity. Eligibility turned on the statute of conviction.

Other Sixth Circuit decisions interpreting the First Step Act rely on the categorical rule that eligibility turns on the statute of conviction. In *Woods,* we considered whether Wood's post-revocation sentence was part of his "covered offense." 949 F.3d at 937. First, we noted: "Woods pled guilty to aiding and abetting possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1)—a federal criminal statute, the statutory penalties for which were modified by § 2 of the Fair Sentencing Act." *Id.* We then reasoned that his post-revocation sentence "ha[d] to be" punishment for a "covered offense" because post-revocation penalties "relate to the original offense." *Id.* (quoting *Johnson v. United States*, 529 U.S. 694, 701 (2000) (emphasis omitted)). Therefore, we held: "[g]iven that Woods's current 37-month sentence relates to his original offense under 21 U.S.C. § 841(a)(1)—a First Step Act 'covered offense'— Woods is eligible for resentencing (although not necessarily entitled to resentencing)." *Id.*

*Woods* thus tethers post-revocation penalties to the "original [statutory] conviction," *id.*, not conduct extraneous to the jury verdict. *See also Johnson*, 529 U.S. at 701; *United States v. Gravatt*, 953 F.3d 258, 262 (4th Cir. 2020). As in *Beamus*, our holding turned on the conclusion that the statute in question was a "covered offense" within the meaning of § 404(a).

In still other Sixth Circuit cases, we have assumed Boulding's interpretation is correct without further comment. *See, e.g.*, *United States v. Bethea*, 797 F. App'x 1027, 1028 (6th Cir. 2020); *United States v. Jones*, No. 19-5433, 2019 WL 5436199, at *2 (6th Cir. Sept. 12, 2019) (citing *Boulding*, 379 F. Supp. 3d at 651); *United States v. Maxwell*, 800 F. App'x. 373, 378 (6th Cir. 2020).

To the extent it remains an open question in this circuit, we hold that eligibility for resentencing under the First Step Act turns on the statute of conviction alone. This rule accords with the consensus among circuit courts and our own cases interpreting § 404(a). And it accords with the rules of grammar and statutory interpretation. The Government's position requires extracting the term "violation" from the rest of § 404(a) and interpreting it out of context. The plain text of § 404(a), however, demonstrates that the "penalties clause" modifies "Federal criminal statute," the noun that directly proceeds it. The last antecedent canon and the nearest-reasonable referent canon, *see* A. Scalia & B. Garner, Reading Law: Interpretation of Legal Texts, 140, 144-46, 152 (2012), confirm this plain reading. *See also Wirsing*, 943 F.3d at 185-86. And even if the entire noun phrase were modified, the Act specifies a binary or yes/no condition: "*a* violation of a Federal criminal statute." § 404(a). If the answer is yes and the other conditions are met, the defendant is eligible for resentencing. Congress passed the First Step Act to alter the penalties for a broad class of offenses; hinging eligibility on a fact-intensive historical inquiry would be inconsistent with that goal. *See Shaw*, 957 F.3d at 739.

As a final matter, the Government argues that Boulding's interpretation of the Act will lead to sentencing disparities because it "treat[s] better" a defendant who trafficked 500 grams or more of crack before August 3, 2010, than those who did so after that date. This argument is unavailing. Congress intended to rectify disproportionate and racially disparate penalties even where juries could have been asked to find higher drug quantities. Congress tied eligibility to the statute of conviction—but left sentencing judges with the discretion to deny resentencing

because, among other reasons, the specific conduct of the original offense still warrants the originally imposed sentence.  The Government's position amounts to a policy disagreement with Congress and ignores other ameliorative changes in the law, including guideline changes that benefit defendants charged with crack offenses after passage of the Fair Sentencing Act.  Most critically, it disregards the role of judicial discretion.  Eligibility is merely a necessary gateway to resentencing under the Act—a defendant's sentence will not be altered absent the court's reasoned determination to do so.

The district court put it aptly: "a neutral and categorical approach to eligibility . . . ensures all potentially worthy defendants receive the Congressionally provided relief under both the Fair Sentencing Act and the First Step Act.  It also ensures protection against unwarranted windfalls by leaving the Court with discretion to deny relief completely, or to tailor relief to fit the facts of the case." *Boulding*, 379 F. Supp. 3d at 654.

### 2.  Boulding's Process under the First Step Act

The district court held that upon finding eligibility:

> The Court then determines whether to exercise its discretion to reduce the defendant's sentence.  This determination is informed by a guideline comparison between the guidelines as they existed during the original sentencing and the guidelines as they exist today, as well as from any other information the parties present or the Court chooses to consider.  Based on this information, the Court will then determine the extent of any reduction it decides in its discretion to award, consistent with statutory limits, non-binding guideline considerations, and the Section 3553 factors.

*Boulding*, 379 F. Supp. 3d at 654.  The court further reasoned that eligible defendants are not entitled to plenary resentencing but, unlike retroactive reductions based on guideline reductions, the district court's discretion is not curtailed by 18 U.S.C. § 3582(c)(2).  This is because authorization for resentencing under the First Step Act comes from 18 U.S.C. § 3582(c)(1).

Defendants seeking a reduced sentence under the First Step Act are "not entitled to a plenary resentencing." *Alexander*, 951 F.3d at 708;[2] *see also United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019).  Alexander, like Boulding,

---

[2]*Alexander* was designated for publication on March 4, 2020.

challenged his guideline range calculation and requested an in-person hearing.  *Alexander*, 951 F.3d at 708-09.  We held that he was not entitled to a de novo resentencing hearing and, noting that he failed to challenge his guideline calculation in his motion for a sentence reduction, we affirmed the sentence reduction imposed.  *Id.*

Our recent cases provide further guidance as to what process is required.  In *Foreman*, we first reasoned that the ceiling is high: district courts are empowered to provide process and to consider resentencing factors as they see fit.  "Unlike Rule 35(b) or § 3582(c)(2) proceedings, which are limited in nature, the First Step Act imposes no additional constraints on a district court's discretion once it determines the statutory and Guidelines ranges 'as if' the Fair Sentencing Act had been in effect before 2010." *Foreman*, --- F.3d ---, 2020 WL 2204261, at *6; *see also United States v. Allen*, 956 F.3d 355, 357 (6th Cir. 2020) ("[C]ourts may consider all relevant factors when determining whether to reduce a defendant's sentence under § 404," including post-sentencing conduct.).  But that is the upper limit.  How tall is the floor?

*Foreman* reasoned that the district court's sentence reduction was adequate because it "thoroughly explained its sentencing rationale, carefully examining Foreman's circumstances, the amended penalty provisions, and the resulting changes to Foreman's Guidelines range." 2020 WL 2204261, at *8.  And in *United States v. Lakento Smith*, we held that a district court's completion of an AO Form Order was an adequate statement of reasons for the resentencing decision because the judge was required to consider the § 3553(a) factors and amended Guidelines.  No. 19-1724, --- F.3d ---, 2020 WL 2190770, at *6 (6th Cir. May 6, 2020).

In *United States v. Marty Smith*, we vacated the district court's denial of a motion for reduced sentence under the Act, holding that the court abused its discretion by "fail[ing] to provide a sufficiently compelling justification."  No. 19-5281, --- F.3d ---, 2020 WL 2503261, at *3 (6th Cir. May 15, 2020).  We explained that "[t]he district court must consider the factors in § 3553(a), which requires that a sentence be 'not greater than necessary'" and that the guidelines "'should be the starting point and the initial benchmark' for choosing a defendant's sentence." *Id.* at *2 (quoting *United States v. Bistline*, 665 F.3d 758, 761 (6th Cir. 2012)).  And, like all sentences imposed by the district court, the resentencing decision under the First Step Act must not only be procedurally reasonable but substantively reasonable.  *See id.* (citing *Gall v. United*

*States*, 552 U.S. 38, 49 (2007). *Smith* held that because "Congress was the actor that lowered the mandatory minimum[s] and thereby lowered the relevant guideline range" in the First Step Act context, the amended guideline is on "'stronger ground,'" which, in turn, increases the requirement of a "sufficiently compelling justification" for an above-guidelines resentencing decision. *Id.* at *2-3 (quoting *Bistline*, 665 F.3d at 764). We concluded that the district court's recitation of Smith's criminal conduct, invocation of the original examination of the § 3553(a) factors, and renewed consideration of two § 3553(a) factors was insufficient to provide an adequate justification for the decision to deny resentencing. *Id.* at *3.

Boulding contends that the district court abused its discretion by denying him the opportunity to raise his sentencing objections after the one round of briefing, which had been authorized to address the court's questions about First Step Act eligibility and process. While conceding that he is not entitled to plenary resentencing, Boulding argues that he is nevertheless entitled to an opportunity to present his objections to the sentencing enhancements that were used to calculated the amended guidelines and that served as the basis for the district court's renewed consideration of the § 3553(a) factors. The Government argues that Boulding's request would amount to plenary resentencing.

The First Step Act itself indicates that Congress contemplated close review of resentencing motions. Section 404(c) states that a prisoner cannot seek relief under the Act twice if the first motion was "denied *after a complete review of the motion* on the merits." § 404(c) (emphasis added). Though coming from the provision that governs repeat resentencing motions, this language shows the dimensions of the resentencing inquiry Congress intended district courts to conduct: complete review of the resentencing motion on the merits. *See also United States v. Williams*, 943 F.3d 841, 844 (8th Cir. 2019). While "complete review" does not authorize plenary resentencing, a resentencing predicated on an erroneous or expired guideline calculation would seemingly run afoul of Congressional expectations. The Sentencing Commission has acknowledged those expectations; it has "informally advised that regardless of whether resentencing under the First Step Act constitutes a plenary resentencing proceeding or a more limited sentence modification proceeding, 'the Act made no changes to 18 U.S.C. § 3553(a), so the courts should consider the guidelines and policy statements, along with the other 3553(a)

factors, during the resentencing.'" *Allen*, 956 F.3d at 358 n.1 (quoting *First Step Act*, ESP Insider Express (U.S. Sentencing Comm'n, Washington, D.C.), Feb. 2019, at 1, 8, https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP-Act.pdf).

While a district court has discretion to consider all relevant factors and has wide latitude to provide the process it deems appropriate, the language of § 404 and our cases that interpret it, stand for the proposition that the necessary review—at a minimum—includes an accurate calculation of the amended guidelines range at the time of resentencing and thorough renewed consideration of the § 3553(a) factors. In light of this authority, we hold that an opportunity to present objections, subject to reasonableness review on appeal, is part and parcel of the process due to an eligible defendant. Whether such an opportunity takes the form of a written presentation or an oral argument is a case-specific decision within the scope of the district court's discretion.

On appeal, we apply abuse of discretion review to resentencing decisions under the Act. *Beamus*, 943 F.3d at 792; *Woods*, 949 F.3d at 937-38. While district courts have wide discretion in the First Step Act context, the resentencing decision must be procedurally reasonable and supported by a sufficiently compelling justification. *See Smith*, --- F.3d ---, 2020 WL 2503261, at *3. Here, the district court correctly compared the guideline calculation at the original sentencing with the amended guideline range as it existed at resentencing and evaluated the § 3553(a) factors anew, including Boulding's post-sentencing behavior as part of that inquiry. Its analysis was considered. But the court did not provide Boulding with an opportunity to present his objections to its calculation of his amended guideline range and in this respect, fell short of the resentencing review envisioned in the First Step Act.

### III. CONCLUSION

Though Boulding is not entitled to plenary resentencing, the First Step Act contemplates a baseline of process that must include an accurate amended guideline calculation and renewed consideration of the 18 U.S.C. § 3553(a) factors; a defendant seeking to present objections must

be afforded an opportunity to do so and the resentencing court must make considered judicial determinations on those objections.

For the foregoing reasons, we **AFFIRM** the district court's determination that Boulding is eligible for resentencing under the First Step Act; **VACATE** the sentence imposed; and **REMAND** for resentencing consistent with the opinion of this court.