NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0288n.06

No. 24-3945

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jun 10, 2025
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| | ) | |
| CURTIS ROLLINS, | ) | |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: WHITE, LARSEN, and MURPHY, Circuit Judges.

MURPHY, Circuit Judge. A district court sentenced Curtis Rollins to 57 months in prison for possessing firearms as a felon. The Sentencing Commission then amended the Sentencing Guidelines in a way that reduced Rollins's guidelines range. So Rollins asked the court for a lower sentence. But the court rejected his request based on the relevant sentencing factors. Because the court did not abuse its discretion when denying this relief, we affirm.

In August 2018, Rollins helped an accomplice sell three shotguns to a confidential informant. He had previously committed a felony and could not lawfully possess these weapons. He thus pleaded guilty to possessing the firearms as a felon, in violation of 18 U.S.C. § 922(g)(1).

Before sentencing, a probation officer found that Rollins fell within criminal history category V. This finding rested, in part, on the fact that Rollins remained on post-release control for a prior state crime when he committed his current offense. And the finding produced a

guidelines range of 57 to 71 months' imprisonment. The district court adopted these guidelines calculations. It sentenced Rollins to a term at the very bottom of this range: 57 months.

After Rollins's sentencing, the Sentencing Commission issued Amendment 821 to the Sentencing Guidelines. This amendment adjusted the way to calculate a defendant's criminal history score if the defendant committed the current offense while serving a sentence for a prior crime (including while on supervised release, post-release control, or the like). *See* U.S. Sentencing Comm'n, Guidelines Manual App. C., Amdt. 821 (Part A) (Nov. 2023) (USSG). If this amendment had applied to Rollins at his sentencing, his criminal history category would have fallen to IV and his guidelines range would have fallen to 46 to 57 months. Because the Commission made the change retroactive, Rollins moved for a reduced sentence to the bottom of the amended range: 46 months. The government did not oppose his request.

Nevertheless, the district court denied his motion. The court agreed that Rollins was eligible for a reduced sentence. But it refused to reduce his sentence as a discretionary matter under the sentencing factors in 18 U.S.C. § 3553(a). The court highlighted, among other things, the "nature of" Rollins's "offense," his "lengthy criminal history," and his recent "prison rule violations" after his sentencing. Order, R.34, PageID 147. Rollins appealed.

District courts may modify a sentence in limited circumstances. *See* 18 U.S.C. § 3582(c). Among other grounds, courts may reduce a sentence if the Sentencing Commission later issued an amendment that "lowered" the defendant's "sentencing range" and if a reduced sentence would comport with the Commission's "policy statements" and the § 3553(a) factors. *See id.* § 3582(c)(2). This language requires courts to find two things in two stages. *See United States v. Davis-Malone*, 128 F.4th 829, 832 (6th Cir. 2025). Courts must first find, as a legal matter, that the defendant is eligible for a reduced sentence because, among other reasons, the amendment

2

lowered the defendant's guidelines range. *See id.* Courts must then find, as a discretionary matter, that the defendant deserves a lower sentence under a balancing of the § 3553(a) factors. *See id.*

The parties agree that Rollins satisfied the first eligibility requirement. The Commission made Amendment 821 retroactive. *See* U.S.S.G. § 1B1.10(d). And this amendment lowered Rollins's guidelines range from 57 to 71 months to 46 to 57 months.

This case thus turns on the second discretionary factor. District courts (not circuit courts) possess the discretion over whether a defendant's individual circumstances warrant a lower sentence. *See Davis-Malone*, 128 F.4th at 833–34. So we review their choice under a deferential abuse-of-discretion standard. *See United States v. Curry*, 606 F.3d 323, 327 (6th Cir. 2010).

The district court did not abuse its discretion here. To start, Rollins's 57-month sentence remained within his amended guidelines range, so we continue to presume its reasonableness even at the sentence-modification stage. *See Davis-Malone*, 128 F.4th at 834. Next, the court reasonably reiterated the concerns it had raised at Rollins's original sentencing. The court, for example, highlighted the "nature" of his offense. Order, R.34, PageID 147. Rollins had not just possessed weapons; he had helped sell them. As the court explained at the sentencing, this type of sale is "problematic" because it places firearms in unknown hands "in the community." Sent. Tr., R.38, PageID 187. The court also emphasized Rollins's "lengthy criminal history," including his domestic-violence and methamphetamine-manufacturing convictions. Order, R.34, PageID 147. The court suggested that Rollins's repeated crimes showed that his prior punishments had not deterred his criminal behavior. It added that he had committed "several prison rule violations" since his sentencing, which reiterated the ongoing need for deterrence. *Id.*

Rollins responds that the court wrongly relied on factors (the nature of his offense and his criminal history) that "remained unchanged" since his sentencing. Appellant's Br. 11. According

to Rollins, these factors could not justify the court's decision to change from a sentence at the bottom of his original guidelines range to one at the top of his amended range. Instead, Rollins argues that the court should have granted him a proportional reduction to the bottom of the new range. But the Supreme Court has rejected this claim that courts must choose an amended sentence at the point in an amended guidelines range that is "proportional" to the point at which the original sentence sat in the original range. *See Chavez-Meza v. United States*, 585 U.S. 109, 116–19 (2018). So just because the original sentence was at the bottom of the original range does not mean that the court was obligated to issue a revised sentence at the bottom of the amended range. *See id.*

The district court's reasoning in this case shows why the Supreme Court rejected this claim: the court made clear at Rollins's original sentencing that 57 months represented the proper number regardless of his guidelines range. *Cf. id.* at 118–19. At Rollins's sentencing, defense counsel had argued that the court should not impose an enhancement for possessing three or more firearms because video of the sale showed Rollins carrying only two of the three shotguns to the confidential informant's car. The court overruled this objection. But it recognized that Rollins's guidelines range would change to 46 to 57 months without this multiple-firearm enhancement, and it said that it would take this fact "into consideration" when choosing the specific number. Sent. Tr., R.38, PageID 182. When it imposed a 57-month sentence, then, it noted that this term was at the low end of Rollins's actual guidelines range but the high end of the reduced range that his counsel "argued for." *Id.*, PageID 188. The court found this sentence proper under *either* of these ranges because of Rollins's "prior record and history." *Id.* It thus made clear that it viewed 57 months as the "'right' sentence" no matter where it fell "on a range" of potential sentences. *Chavez-Meza*, 585 U.S. at 117.

Rollins also faults the district court for failing to "consider" his prison conduct after his sentencing. Appellant Br. 13. Yet the court expressly relied on his "prison rule violations" since that time. Order, R.34, PageID 147. Rollins counters that he did not commit any violent violations. This fact does him no good. The district court had a duty to *consider* his arguments about his post-sentencing conduct. *Davis-Malone*, 128 F.4th at 835. It did not have a duty to *agree* with the arguments. And it reasonably found that the infractions showed a continued disrespect for the law.

Rollins also claims that the district court relied on an "erroneous fact" to deny him relief. Appellant's Br. 14. One of the three shotguns lacked a serial number. When Rollins pleaded guilty, the district court asked the prosecutor whether the manufacturer had not placed a serial number on the shotgun or whether someone had obliterated it. The prosecutor clarified that the manufacturer had not added one, so the court did not have to impose a guidelines enhancement for obliterating a serial number. Yet the court's later order denying Rollins a reduced sentenced pointed out that he had "illegally possessed three firearms, *one of which did not have a serial number*." Order, R.34, PageID 147 (emphasis added). According to Rollins, this sentence showed that the court wrongly held the lack of a serial number against him. Yet the court merely stated an undisputed fact that described "the nature and circumstances of the offense." 18 U.S.C. § 3553(a)(1). And it is not obvious that the court would have erred by relying on this fact because the police have more difficulty tracing guns without serial numbers. *Cf. Bondi v. VanDerStok*, 145 S. Ct. 857, 863–64 (2025). But we need not resolve the point. The court's passing reference to the fact shows that it played no significant role in its denial of relief.

We affirm.