NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0313n.06

Case No. 24-4011

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Jun 25, 2025<br>KELLY L. STEPHENS, Clerk |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| | ) | |
| PAUL D. TURNER, | ) | |
| Defendant-Appellant. | ) | |
| | ) | O P I N I O N |

Before: MOORE, BUSH, and NALBANDIAN, Circuit Judges

**NALBANDIAN, Circuit Judge.** Paul Turner pleaded guilty to drug trafficking and firearms charges. Because he continued to sell cocaine while out on bond and refused to take responsibility for his violent past, the district court decided to impose a higher sentence than the Guidelines recommended. So the court varied upward to a Guidelines range of 57 to 71 months and imposed a 71 month sentence. Roughly two and a half years after sentencing, Turner moved for a reduction under Amendment 821—a retroactive amendment to the United States Sentencing Guidelines that would have lowered the Guidelines range that the judge used to sentence Turner to 51 to 63 months. The district court denied the motion and Turner appealed. Because the district court did not abuse its discretion, we AFFIRM.

**I.**

Twice in September 2020 Turner sold cocaine to a law enforcement informant out of a house in Cleveland. Based on these sales, agents from the Drug Enforcement Administration

executed a search warrant on the home while Turner was present. He waived his Miranda rights and told the agents that he had a firearm in the bedroom. The agents recovered the pistol and Turner told them he knew he was a felon so couldn't own a firearm. In October, Turner was indicted on four counts: one count of conspiracy to possess with the intent to distribute cocaine base under 21 U.S.C. § 846; two counts of distribution of cocaine base under 21 U.S.C. § 841(a)(1); and one count of possession of a firearm by a felon under 18 U.S.C. § 922(g)(1). And on December 10, he pleaded guilty to all four counts.

But while Turner was out on bond before sentencing, he kept selling drugs. During December, Turner sold crack cocaine to an informant three times. One of these sales was on the same day Turner had pleaded guilty, with Turner allegedly telling the informant "to hurry up because he needed to be in court." R.67, Sentencing Hr'g Tr., p.17, PageID 423. These sales resulted in a second search warrant for Turner's residence, where police found crack cocaine, cocaine hydrochloride, and six rounds of ammunition. At sentencing in this case, the district court heard testimony from a narcotics detective who investigated Turner's December drug sales and took part in the search of his home.

The court also heard testimony from Lieutenant Jason Schramm of the Cleveland Police's Domestic Violence Unit. Schramm shared information on Turner's prior domestic violence conviction for assaulting his girlfriend, causing her to have a miscarriage. The court then questioned Turner about the incident and, despite already pleading guilty to the offense in state court, he denied it. Turner said the incident "was kind of a relationship thing." *Id.* at p.31, PageID 437. He noted that he and his girlfriend "argued and . . . didn't get a long [sic] for other reasons" but maintained that he "didn't beat her." *Id.* Turner acknowledged his guilty plea on the charges but blamed his lawyer for trying to "just get these things over with." *Id.* at p.32, PageID 438. The

district court concluded Turner was not credible and instead credited the evidence finding that Turner committed the domestic violence offense.

After hearing from both officers, the district court calculated the Guidelines range. The presentence report (PSR) recommended an offense level of 13, that accounted for a three-point reduction for acceptance of responsibility. But because Turner continued to sell drugs while on bond, the judge found that he "did not withdraw from his criminal conduct" and so did not earn the three-point reduction. *Id.* at pp.13–14, PageID 419–20. So the court found Turner's total offense level to be 16 and calculated a Guidelines range of 46 to 57 months. From there, the government requested an upward variance to a 60-month sentence. The court agreed a variance was necessary and added two levels to Turner's total offense level, bringing him to a level 18 and the Guidelines range to 57 to 71 months. The court then sentenced Turner to 71 months' imprisonment to run consecutive with his state sentence and followed by five years of supervised release.

The court explained its decision by outlining Turner's history of drug crimes and violence, including his seventeen adult convictions. It noted that, despite these convictions, Turner remained undeterred. The court emphasized two points about Turner's conduct while out on bond: his continued drug trafficking and his illegal possession of ammunition as a felon. And concluded that Turner "clearly was . . . either [not] deterred or not concerned" with "what the consequences would be" for this offense. *Id.* at p.40, PageID 446. The court also noted Turner's violent past and consistent refusal to take responsibility for it. So the court said the variance and the top-end-of-the-range sentence was appropriate for "[j]ust punishment, adequate deterrence, protect[ing] the public, [and to] keep [Turner] from continuing to sell drugs." *Id.* Turner challenged the

procedural and substantive reasonableness of his sentence on appeal, and we affirmed it. *See United States v. Turner*, No. 21-4208, 2022 WL 17348839, at *1 (6th Cir. Dec. 1, 2022).

Roughly two-and-a-half years after sentencing, Turner moved for a reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and U.S.S.G. Amendment 821. He claimed that Amendment 821, which applies retroactively, would reduce his criminal-history status points from two to one. And this would reduce his criminal history category from VI to V. So if he were sentenced today, the relevant Guidelines range would be 51 to 63 months, even accounting for the two level increase in his total offense level. He urged the court to resentence him to 63 months to reflect the new range and because Turner has had no rule violations while incarcerated.

The district court denied the motion. It first concluded Turner was eligible for the reduction. But it found the sentencing factors counseled against granting it. The court again emphasized Turner's pattern of illicit affairs and "lack[] [of] respect for the law and others." R.111, Op. & Order, p.4, PageID 570. The court ultimately concluded that "if [Turner was] sentenced today with a one-point reduction pursuant to Amendment 821, this Court would impose the same sentence." *Id.* at p.5, PageID 571. Turner appealed.

## II.

Once a court sentences a defendant, it rarely has the authority to change the sentence unless a statute expressly allows resentencing. *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010). One such statute is 18 U.S.C. § 3582(c). *Id.* at 326–27. Under § 3582(c)(2), if the Sentencing Commission amends the Guidelines in a way that results in a lower range for a previously sentenced defendant, the district court may reduce the defendant's sentence. The court follows a two-step process to do so. *United Sates v. Ashrafkhan*, 129 F.4th 980, 983 (6th Cir. 2025). "First, the district court determines the defendant's eligibility for a sentence reduction. If the district court

4

determines that the defendant is eligible, it next considers whether the authorization is warranted according to the factors provided in 18 U.S.C. § 3553(a)." *Id.* (citation omitted).

In November 2023, the Sentencing Commission implemented Amendment 821. *See* U.S.S.G. § 4A1.1(e) (2023). Part A of the Amendment reduced the number of status points a defendant receives when he commits a crime while under a criminal justice sentence. *Id.*; *see United States v. Payne*, No. 24-5353, 2025 WL 475225, at *2 (6th Cir. Feb. 12, 2025). Status points are used to calculate a defendant's criminal history category. *See* U.S.S.G. § 4A1.1 (2023). So fewer status points may mean a lower criminal history category and thus a lower Guidelines range. Amendment 821 is retroactive, so previously sentenced defendants can use it to seek a reduced sentence. *United States v. Davis-Malone*, 128 F.4th 829, 831 (6th Cir.), *cert. denied*, 2025 WL 1727444 (June 23, 2025).

## A.

Turner is correct, and the government does not dispute, that had he been sentenced today, he would have received only one status point. So his criminal history category would have been V rather than VI. And at the level that the court had varied up to, the lower criminal history of V results in a 51-to-63-month range and not the 57 to 71 months that the court used. So Turner is eligible for resentencing. The only question is whether the district court erred at step two by concluding a reduction was not warranted in Turner's case. We review this decision for an abuse of discretion. *Curry*, 606 F.3d at 327.

## B.

Defendants do not have "a *right* to a reduced sentence." *Id.* at 330; *see also id.* ("Pursuant to 18 U.S.C. § 3582(c)(2), the district court *may* reduce a previously imposed sentence if the statutory requirements . . . are met."). And when a district court considers a sentence reduction,

the defendant is not entitled to "a full resentencing." *Id.* (quoting U.S.S.G. § 1B1.10(a)(3)). So what we demand of the district court to facilitate our appellate review is less than what we would demand for imposing an original sentence. *See Davis-Malone*, 128 F.4th at 835. This is particularly true when the resentencing judge is the original sentencing judge, and the original sentencing explanation was robust. *Id.* at 834–35. For example, when considering a reduction, the court must acknowledge the § 3553(a) factors, but it need not reexamine each one in depth. *Id.* Likewise, the court does not have to explicitly discuss post-sentencing conduct in its order. *Id.*; *see also Curry*, 606 F.3d at 330 ("When determining whether a defendant should receive a sentence reduction, the district court . . . '*may* consider post-sentencing conduct of the defendant.'" (quoting U.S.S.G. § 1B1.10 cmt. n.1(B))).

Although the court "must" consider all nonfrivolous arguments made by the defendant, it need not provide "a point-by-point rebuttal" for each of them. *Davis-Malone*, 128 F.4th at 834. Instead "the court ha[s] the discretion to highlight only the main factors that drove its decision." *Id*. at 835. And on review, we look to the whole record—not just the judge's words—to deduce that he "reasoned through" all nonfrivolous arguments. *Concepcion v. United States*, 597 U.S. 481, 501 (2022) (internal quotation marks omitted); *see United States v. Thomas*, No. 24-3421, 2024 WL 5055405, at *2 (6th Cir. Dec. 10, 2024) ("While [courts] must show that they have *considered* all nonfrivolous arguments, they need not *expressly address* each argument on the record."); *United States v. Braden*, No. 21-5449, 2022 WL 4393186, at *1 (6th Cir. Sept. 23, 2022) (per curiam) ("It's enough that the record as a whole shows that [the court] considered the issue." (internal quotation marks omitted)); *cf. United States v. Gunter*, 620 F.3d 642, 646 (6th Cir. 2010) (discussing whether the court adequately considered an initial sentence) ("We are to focus less on what the transcript reveals that the court said and more on what the transcript reveals that

6

the court did."). And it is in deference "to the judge's own professional judgment" that judges are not "required to articulate anything more than a brief statement of reasons" when denying a sentence reduction. *Concepcion*, 597 U.S. at 501 (internal quotation marks omitted). Even when a judge's original sentence was above the guidelines range, and so did not carry a presumption of reasonableness, we have upheld a court's denial of an eligible defendant's sentence reduction in essentially a form order once the court considered "the § 3553(a) factors and [found] public safety did not justify reducing [the defendant's] sentence." *United States v. Justice*, No. 24-5528, 2025 WL 25723, at *2 (6th Cir. Jan. 3, 2025).

The district court's rationale for denying Turner's requested reduction was sufficient. It reviewed Turner's prior arrests for drug trafficking and domestic violence, his frequent recidivism throughout his adult life, and his continued drug activity while this case was ongoing. The court concluded that Turner "has yet to be deterred from participating in criminal activity and lacks respect for the law and others" so his "71-month sentence promoted respect for the law, afforded adequate deterrence, and protected the public." R.111, Op. & Order, p.4, PageID 570. It also noted that the sentence was "sufficient but not greater than necessary" given Turner's history. *Id.* at pp.4–5, PageID 570–71. The district court's rationale is clear from the order and assures us that it considered the § 3553(a) factors.

Turner argues that the district court nonetheless abused its discretion because it did not provide any weight to Turner's lowered Guidelines range under Amendment 821. But the record says otherwise. For starters, the court properly calculated and acknowledged that the amendment lowered Turner's Guidelines range. Then it explained the reasons Turner's original sentence was proper—his violent past, his continued disrespect for the law, and his risk of future drug-related crime. And it explicitly noted that "if sentenced today with a one-point reduction pursuant to

7

Amendment 821, this Court would impose the same sentence." *Id.* at p.5, PageID 571. This shows the court considered the new range but found any further reduction was unwarranted.

Turner counters that a reduction is necessary because his sentence is significantly longer than his prior sentences and was ordered consecutive rather than concurrent. But this is a challenge to the substantive reasonableness of his original sentence, not an argument that the district court abused its discretion in denying a reduction. *See United States v. Hacker*, No. 16-5579, 2016 WL 11787074, at *2 (6th Cir. Dec. 14, 2016) ("[C]hallenges to the district court's original sentence are not properly raised in a motion for a sentence reduction under § 3582(c)(2) and provide no basis for appeal."). Turner is not entitled to a full resentencing under § 3582(c)(2) so this argument lacks merit. *See Curry*, 606 F.3d at 330.[1]

Lastly, Turner claims the district court did not address his nonfrivolous argument that his post-sentencing conduct justified a reduction. Turner is correct that the district court did not explicitly address this argument in its order, but the "court ha[s] the discretion to highlight only the main factors that drove its decision." *Davis-Malone*, 128 F.4th at 835. And considering that Turner spent nearly all of his three-page brief discussing the amended guideline's range, and only two sentences on his post-sentencing conduct, it's not odd that the district court spent its entire five-page opinion explaining why Turner's original range was proper. Indeed, in reviewing initial sentences for reasonableness, we often say that a district court need not *at all* address sentencing arguments "raised only in passing." *United States v. Brooks*, 628 F.3d 791, 798 (6th Cir. 2011)

---

[1] Turner's arguments here are like those he made when he appealed the substantive reasonableness of his original sentence. *United States v. Turner*, No. 21-4208, 2022 WL 17348839, at *4–5 (6th Cir. Dec. 1, 2022). There, we concluded the district court "did not abuse its discretion with either the upward variance or the consecutive nature of the sentence." *Id.* at *5.

(internal quotation marks omitted); *see also United States v. Brinda*, 851 F. App'x 565, 568 (6th Cir. 2021).

Although it would have been better if the court had explicitly said that it reviewed all of Turner's arguments, we do not require the court to expressly address every argument raised in a skeletal way. *Davis-Malone*, 128 F.4th at 835. Our deferential appellate review allows a court to deny a motion for a sentence reduction "without a detailed explanation." *Concepcion*, 597 U.S. at 501. And here, the district court provided far more than a brief statement of reasons or form order. It outlined why Turner's history of violence and blatant disrespect for the law called for the sentence imposed. Because the district court adequately explained why it denied a sentence reduction, we affirm.